UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN P. BOHNE,<br>Plaintiff | 04 CR 10068 WGY |
| v. | C.A. No. |
| COMPUTER ASSOCIATES<br>INTERNATIONAL, INC.,<br>Defendant | MAGISTRATE JUDGE Bowler |

**COMPLAINT**

**I. Introduction**

This is an action brought by the Plaintiff, John P. Bohne, against Defendant seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief, including back pay, as well as compensatory and punitive damages to remedy the unlawful discrimination in employment the Plaintiff has suffered on account of his age and for whistleblowing in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, et seq., the Massachusetts Fair Employment Practices Act ("FEPA"), M.G.L. c. 151B, §1 et seq., M.G.L. c. 149, §185, and common law.

**II. Parties**

1. The Plaintiff, John P. Bohne, is a resident of the Town of Hudson, County of Middlesex, Commonwealth of Massachusetts.

2. The Defendant, Computer Associates International, Inc. ("CA") is a corporation duly organized and incorporated pursuant to the laws of the State of Delaware, with its principal place of business in Islandia, New York. Defendant is registered with the Commonwealth of Massachusetts to conduct business within this State and maintains an office location in Framingham, Massachusetts.

### III. Jurisdiction

3. This Court has jurisdiction over the Plaintiff's claims under the ADEA pursuant to 29 U.S.C. §626 (c) and this Court has jurisdiction over the Plaintiff's FEPA, state statutory and common law claims pursuant to its supplemental jurisdiction under 28 U.S.C. §1367(a).

### IV. Venue

4. Venue is proper in this Court in accordance with 29 U.S.C. §626(c), 28 U.S.C. §1391, and 42 U.S.C. §2000e-5(f)(3).

### V. Exhaustion of Administrative Remedies

5. On or about December 30, 2002, the Plaintiff co-filed a charge alleging age discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Massachusetts Commission Against Discrimination ("MCAD").

6. On or about January 8, 2004, the Plaintiff was issued a Notice of Right to Sue by the EEOC and has timely instituted suit thereon.

7. On or about October 15, 2003, the Plaintiff was issued a Notice of Right to Sue by the MCAD and has timely instituted suit thereon.

8. Plaintiff has satisfied all administrative and/or jurisdictional requirements to suit.

### VI. Allegations Common to All Causes of Action

9. The Plaintiff is a sixty (60) year old male.

10. On or about February 14, 1983, the Plaintiff was hired by Defendant as an Account Manager at Defendant's Framingham, Massachusetts office.

11. Throughout his employment with Defendant, the Plaintiff was promoted to numerous positions, and was employed as a Sales Executive at the time of his termination on or about August 19, 2002.

12. At all relevant times herein, the Plaintiff satisfactorily performed his job-related duties.[1]

13. At the time of his termination on or about August 19, 2002, Juanita Cox, an Employee Relations Specialist at CA, stated to the Plaintiff that he was being terminated as a result of a corporation "rules violation," without more.

14. The Plaintiff purported "rules violation," disclosed eight (8) months after his termination, was that he had "misled the Company about the terms of a sale he had negotiated," which in turn caused "CA to incur a financial obligation of which it was not aware to improperly inflate [the Plaintiff's] commission on that sale." (Def.'s MCAD Position Statement of April 25, 2003 at 1.)

15. At the time of his discharge, the Plaintiff was owed significant sales commissions that Defendant was aware of and has refused to pay the Plaintiff the same.

16. Defendant's aforesaid "rules violation" allegation is without merit and therefore pretextual.

17. That at all relevant times herein, a pattern and/ or practice existed at Defendant wherein older employees were terminated and replaced by younger employees.

18. Defendant discriminated against the Plaintiff in the terms and conditions of his employment, in whole or in part, on account of his age.

19. On information and belief, after the Plaintiff was discharged from his position at CA he was replaced by another, younger employee.

---

[1] Mr. Bohne received Sales Leader Awards in July, 1983, July, 1984, December, 1984, October, 1986, and November, 1992. He received a first place award for OS/390 in October, 2000. He received Sales Manager Awards for Region of the Year in 1986 and 1988 and for Region of the Month in October, 1986. Mr. Bohne received Compass Club Awards in the following years: 1984-1990, 1994-95, 1997, and 2001.

3

20. By terminating the Plaintiff and refusing to pay the Plaintiff outstanding commissions, Defendant has breached the covenant of good faith and fair dealing.

21. Prior to his termination, the Plaintiff brought to the attention of Defendant's employees and/or agents certain improprieties regarding the manner in which Defendant "booked" a transaction between Defendant and Allmerica.

22. The Plaintiff was terminated from his employment, in whole or in part, due to his comments regarding the "booking" of the transaction involving Allmerica.

23. By terminating the Plaintiff, in whole or in part, for his comments regarding the "booking" of the transaction involving Allmerica and refusing to pay the Plaintiff outstanding commissions, Defendant retaliated against the Plaintiff for engaging in whistleblowing activities.

24. The facts and circumstances regarding the Plaintiff's termination establish that his termination was, in whole or in part, in violation of public policy.

25. Defendant's discriminatory actions and/or omissions are in violation of the ADEA, the FEPA, M.G.L. c. 149, §185 and common law and were motivated by malice and ill will toward the Plaintiff, and the Defendant's actions were taken with reckless and/or callous indifference to the statutorily protected rights of the Plaintiff and with the intent and purpose of depriving the Plaintiff of valuable compensation due to him.

26. As a proximate result of Defendant's discriminatory acts and/or omissions, including but not limited to those described herein, the Plaintiff has suffered and will continue to suffer loss of income and other employment benefits, severe mental and physical anguish, pain and suffering, loss of enjoyment of life, and other great harm.

## VII. Claims for Relief

27. Plaintiff incorporates in the counts below the allegations contained in paragraphs 1-26 above.

### Count One
### 29 U.S.C. §621, et seq.

28. By its acts and/or omissions, including but not limited to those described herein, Defendant discriminated against the Plaintiff by terminating his employment on the basis of his age, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the ADEA.

### Count Two
### Massachusetts Fair Employment Practices Act, M.G.L. c. 151B, §1 et. seq.

29. By its acts and/or omissions, including but not limited to those described herein, Defendant discriminated against the Plaintiff by terminating his employment on the basis of his age, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the FEPA.

### Count Three
### M.G.L. c. 149, §185

30. By its acts and/or omissions, including but not limited to those described herein, Defendant retaliated against the Plaintiff by refusing to pay him outstanding compensation due to him and terminating his employment for engaging in whistleblowing activity, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under M.G.L. c. 149, §185.

### Count Four
### Breach of Contract- Covenant of Good Faith and Fair Dealing

31.   By its acts and/or omissions, including but not limited to those described herein, Defendant breached the covenant of good faith and fair dealing, causing the Plaintiff to suffer damages as aforesaid.

### Count Five
### Breach of Contract- Public Policy

32.   By its acts and/or omissions, including but not limited to those described herein, Defendant violated public policy, causing the Plaintiff to suffer damages as aforesaid.

### VIII. Prayers for Relief

**WHEREFORE**, the Plaintiff respectfully prays that this Honorable Court enter judgment

a.   Declaring the acts and practices complained of herein as being in violation of the Age Discrimination in Employment Act of 1967, the Massachusetts Fair Employment Practices Act and M.G.L. c. 149, §185.

b.   Directing Defendant to award Plaintiff front pay and benefits until he obtains a substantially equivalent position, and make him whole for all earnings he would have received but for Defendant's unlawful discriminatory treatment and breach of contract, including but not limited to, wages, outstanding commissions and employee benefits.

c.   Awarding the Plaintiff compensatory damages for future pecuniary losses, emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

d.   Awarding the Plaintiff punitive damages for the Defendant's intentional, malicious and/or reckless violation of the Age Discrimination in Employment Act of 1967 and the Massachusetts Fair Employment Practices Act.

e.  Awarding the Plaintiff damages pursuant to M.G.L. c. 149, §185(d).

f.  Awarding Plaintiff interest, reasonable attorney's fees, and costs.

g.  Granting such other and further relief as this Court deems just and proper.

### IX. Demand for Jury Trial

The Plaintiff hereby demands a trial by jury.

### X. Designation of Trial Counsel

The Plaintiff hereby designates Louise A. Herman, Esquire, as trial counsel.

>                               PLAINTIFF
>                               By his attorneys,
>                               SINAPI, FORMISANO & COMPANY, LTD.
>
>                               _____
>                               Louise A. Herman (#548995)
>                               100 Midway Place, Suite 1
>                               Cranston, RI 02920-5707
>                               (401) 944-9690
>                               (401) 943-9040 (facsimile)

Dated: January 8, 2004