UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN P. BOHNE,<br>　　　　Plaintiff,<br>v.<br><br>COMPUTER ASSOCIATES<br>INTERNATIONAL, INC.,<br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 04CV10068WGY |

## ANSWER AND ADDITIONAL DEFENSES

Pursuant to Fed. R. Civ. P. 12, Defendant, Computer Associates International, Inc. ("CA," the "Company," or "Defendant"), in response to Plaintiff John P. Bohne's Complaint, hereby files the within answer.

### FIRST DEFENSE

#### I.      INTRODUCTION

The first un-numbered paragraph of the Complaint contains argument and conclusions of law to which no response is required.

#### II.      PARTIES

1.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.      Defendant admits the allegations contained in Paragraph 2 of the Complaint.

#### III.      JURISDICTION

3.      Paragraph 3 of the Complaint contains argument and conclusions of law to which no response is required.

#### IV.     VENUE

4.      Paragraph 4 of the Complaint contains argument and conclusions of law to which no response is required.

#### V.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.      Defendant admits that the Massachusetts Commission Against Discrimination issued Plaintiff a notice stating that, because the Commission received notice that Plaintiff was filing a civil action regarding the same matter in court, it was dismissing the charge.

8.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

#### VI.     ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9.      Upon information and belief, Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10.     Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations contained in Paragraph 11 of the Complaint, excepts admits that at the time of Plaintiff's termination on August 19, 2002, CA employed him as a Sales Executive.

12.     Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.     Defendant denies the allegations contained in Paragraph 13 of the Complaint, excepts admits that on August 19, 2002, Juanita Cox, CA's Employee Relations Specialist in its Framingham office, advised Plaintiff that his employment was terminated.

14. Paragraph 14 of the Complaint quotes a document which speaks for itself. As such, no response is necessary.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint contains argument and conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint contains argument and conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 26 of the Complaint.

## CLAIMS FOR RELIEF

27. Defendant repeats and incorporates by reference its answers to Paragraphs 1 through 26 above.

## COUNT I
### 29 U.S.C. § 621, et seq.

28. Paragraph 28 of the Complaint contains argument and conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 28 of the Complaint.

## COUNT II
### MASSACHUSETTS FAIR EMPLOYMENT PRACTICES ACT, M.G.L. c. 151B, § 1, et seq.

29. Paragraph 29 of the Complaint contains argument and conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 29 of the Complaint.

## COUNT III
### M.G.L. c. 149, § 185

30. Paragraph 30 of the Complaint contains argument and conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 30 of the Complaint.

## COUNT IV
### BREACH OF CONTRACT – COVENANT OF GOOD FAITH AND FAIR DEALING

31. Paragraph 31 of the Complaint contains argument and conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 31 of the Complaint.

## COUNT V
### BREACH OF CONTRACT – PUBLIC POLICY

32. Paragraph 32 of the Complaint contains argument and conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 32 of the Complaint.

## FIRST ADDITIONAL DEFENSE

Plaintiff fails to state claims upon which relief may be granted.

## SECOND ADDITIONAL DEFENSE

Some or all of Plaintiff's claims are barred by the doctrines of waiver, laches, and estoppel.

## THIRD ADDITIONAL DEFENSE

Without conceding that the Plaintiff has suffered any damages as a result of any purportedly wrongful act of the Defendant, Plaintiff has failed to mitigate his damages.

## FOURTH ADDITIONAL DEFENSE

This Court lacks subject matter jurisdiction over some or all of Plaintiffs claims as he failed to allege them before the Massachusetts Commission Against Discrimination and/or the Equal Employment Opportunity Commission.

## FIFTH ADDITIONAL DEFENSE

Plaintiff's claims are barred to the extent that he fails to set forth a prima facie case of employment discrimination on the basis of age.

## SIXTH ADDITIONAL DEFENSE

Plaintiff's claims are not actionable because the employment practices and/or decisions challenged in the Complaint are justified by legitimate, non-discriminatory and non-pretextual reasons.

## SEVENTH ADDITIONAL DEFENSE

Defendant has complied with all laws and regulations and otherwise satisfied its statutory obligations toward Plaintiff under Age Discrimination in Employment Act and Mass. Gen. Laws c. 151B.

### EIGHTH ADDITIONAL DEFENSE

To the extent that Plaintiff's claims are based on alleged disparate treatment, he fails to identify any similarly situated employees who were treated differently.

### RESERVATION OF RIGHTS CLAUSE

Defendant reserves the right to amend its answer and defenses, and to add additional defenses or delete or withdraw existing defenses as such supplementation or deletion may become necessary after reasonable opportunity for appropriate discovery on the allegations contained in the Plaintiff's Complaint.

**WHEREFORE**, Defendant respectfully asks the Court to dismiss with prejudice the Complaint, and to award Defendant's attorneys' fees and costs and such other relief as the Court deems just and proper.

Respectfully submitted,

DEFENDANT,
COMPUTER ASSOCIATES
INTERNATIONAL, INC.,
By its Attorneys,

__/s/ Damian W. Wilmot_____
Brigitte Duffy (BBO# 565724)
Damian W. Wilmot (BBO# 648693)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:   (617) 946-4800
Telecopier:   (617) 946-4801

DATED: May 24, 2004

**CERTIFICATE OF SERVICE**

    I, Damian W. Wilmot, hereby certify that on May 24, 2004, I caused a true copy of the above to be delivered upon Plaintiff's attorney, Louise A. Herman, 100 Midway Place, Suite 1, Cranston, RI 02920-5707.

                                                           /s/ Damian W. Wilmot
                                                           Damian W. Wilmot

BO1 15642891.1