UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN BOHNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. NO. 04CV10068WGY |
| | ) |
| COMPUTER ASSOCIATES INTERNATIONAL, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME AND REQUEST FOR ASSISTANCE**

Defendant Computer Associates International, Inc. ("CA") hereby opposes the motions of plaintiff John Bohne ("Plaintiff") requesting a 60-day extension of time to retain new counsel and seeking assistance from the Court in obtaining responses to discovery. For the reasons set forth below, the motions should be denied.

1. This case arises out of the decision of CA to terminate the employment of Plaintiff in August 2002. In this action, Plaintiff asserts claims, among others, for age discrimination and breach of implied covenant of good faith and fair dealing. Plaintiff challenges CA's decision to terminate his employment and claims that he is entitled to commissions on several deals dating as far back as 1999.

2. Plaintiff commenced this action in January 2004. Plaintiff served interrogatories and requests for production of documents on CA on January 19, 2005. CA served responses on or about March 14, 2005 and since then has supplemented its production twice. Notwithstanding the fact that CA provided discovery responses, Plaintiff has incorrectly represented to the Court in his recent filings that CA never provided responses, a fact which CA has pointed out to the

Plaintiff after receiving his pleading. Accordingly, Plaintiff cannot establish any need for Court intervention with respect to this issue. (A copy of the email exchange between CA's counsel and Plaintiff concerning this issue is attached as Exhibit 1.)

3.     The time for completing discovery has passed and CA, as it has repeatedly advised Plaintiff and his former counsel, is currently preparing its motion for summary judgment. The trial in the matter is set for the week of October 3, 2005.

4.     Given the age of this case and its current procedural posture, it would be prejudicial to CA to extend any deadlines or to permit Plaintiff to initiate additional discovery as he is currently seeking to do. While it is not clear what deadlines it is Plaintiff seeks to extend, he has served new discovery requests and expressed the intent to conduct depositions. Discovery should not be reopened as Plaintiff had ample opportunity both to conduct depositions and to seek documents and other information from CA.[1] Allowing Plaintiff to conduct discovery at this date would impede CA's ability to move for summary judgment and prepare for the upcoming trial of this matter by forcing it to focus on discovery that should already have been conducted.

5.     Finally, it warrants noting that before Plaintiff dismissed his counsel, CA twice scheduled depositions of several of its employees on short notice at plaintiff counsel's request. Each time, plaintiff cancelled these depositions. In short, Plaintiff had ample opportunity to conduct all discovery he believed was necessary to prove his claims.

For the foregoing reasons, defendant CA respectfully requests that the Court deny the motions to the motion to extend time and for assistance in obtaining discovery responses.

Dated: July 6, 2005

---

[1] If the Court is inclined to give the Plaintiff time to find and retain new counsel, then the trial date should be postponed accordingly.

2

Respectfully submitted,

DEFENDANT,
COMPUTER ASSOCIATES
INTERNATIONAL, INC.,
By its Attorneys,


/s/ Brigitte Duffy
Brigitte Duffy (BBO # 565724)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Telecopier:    (617) 946-4801

# EXHIBIT 1

-----Original Message-----
**From:** John P Bohne [mailto:johnbohne01@comcast.net]
**Sent:** Friday, July 01, 2005 12:12 PM
**To:** Duffy, Brigitte
**Subject:** RE: John P Bohne v. Computer Associates

Hi Brigitte,

   I had asked Ed if CA had responded to the specifics of this request as recently as May 19, 2005 and at that point he indicated to me that they had not responded. I am in the process of getting the Pleadings and records from him and I will check them myself.

   If you are correct, I will apologize to the Court for the breakdown in communication.

   In the mean time, I would appreciate the prompt response to my Second Request filed yesterday.

Thanks for your help,


John



mailto:JohnKathy01@comcast.net

-----Original Message-----
**From:** Duffy, Brigitte [mailto:BDuffy@seyfarth.com]
**Sent:** Friday, July 01, 2005 12:02 PM
**To:** John P Bohne
**Subject:** RE: John P Bohne v. Computer Associates

John:

I understand that and we provided responses to these requests/interrogatories back in March to your attorney and have supplemented our document production on several occasions, as recently as the week before last.

Given the fact that we did provide responses and a large number of documents, I am baffled by your representation to the court that CA has not responded and I am trying to figure out what in particular it is you think you are owed.

I hope you have gotten from Ed all the pleadings, correspondence, documents we produced, including those in electronic format.

Brigitte
-----Original Message-----
**From:** John P Bohne [mailto:johnbohne01@comcast.net]
**Sent:** Friday, July 01, 2005 11:39 AM

**To:** Duffy, Brigitte
**Subject:** RE: John P Bohne v. Computer Associates

Hi Brigitte,

   The reference was to the "Plaintiff's First Set of Interrogatories, Propounded to Defendant Computer Associates International, Inc. " dated January 19, 2005 and "Plaintiff's First Request for Production of Documents Addressed to the Defendant Computer Associates International, Inc." Dated on January 19th of 2005. These were identified as such in my request to the Court.

   I do not recall anything that he requested anything on my behalf on June 21st.

Regards,


John

PS: I received a call from the transcript service for a copy of my Deposition. I was in the car and could not take down the information. Do you have the contact info???

Thanks

mailto:JohnKathy01@comcast.net

-----Original Message-----
**From:** Duffy, Brigitte [mailto:BDuffy@seyfarth.com]
**Sent:** Friday, July 01, 2005 10:22 AM
**To:** John P Bohne
**Subject:** RE: John P Bohne v. Computer Associates

John:

In order to respond to your claim that CA has failed to respond to discovery, it would be helpful to know what particular request/s you claim it has failed to respond to adequately.  Are these the same requests that Ed requested we supplement in his letter of June 21?

Brigitte
-----Original Message-----
**From:** John P Bohne [mailto:johnbohne01@comcast.net]
**Sent:** Wednesday, June 29, 2005 1:27 PM
**To:** Duffy, Brigitte
**Subject:** John P Bohne v. Computer Associates

Hi Brigitte,

   Attached please find additional filings that were sent to the Court today. If you have any questions, please feel free to contact me.

Regards,

## John P Bohne
## Email: JohnBohne01@comcast.net

Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.