UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN BOHNE,<br><br>            Plaintiff,<br><br>v.<br><br>COMPUTER ASSOCIATES INTERNATIONAL, INC.,<br><br>            Defendant. | ) ) ) ) ) ) ) C. A. NO. 04CV10068-WGY ) ) ) ) ) ) ) |

## DEFENDANT'S MOTION TO IMPOUND CONFIDENTIAL INFORMATION AND EXHIBITS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Computer Associates International, Inc. ("Defendant" or "CA"), hereby moves this Court, pursuant to Local Rule 7.2, to impound confidential, proprietary business information concerning its products, pricing, and sales compensation plan, with respect to the software licensing deal handled by plaintiff John Bohne ("Bohne") that was the basis for CA's decision to terminate Bohne's employment. The information that CA seeks to impound is contained in documents, marked as "Confidential", that CA cites to and relies on in support of its Motion for Judgment.

As grounds for this Motion, Defendant states as follows:

1.     CA seeks to protect its confidential, proprietary information from the public domain because its disclosure could cause CA significant economic harm. (Affidavit of Alexander G. Arato, attached hereto as Exhibit A.)

2.     CA maintains a competitive advantage over other software companies by keeping confidential information concerning the prices it charges customers, its pricing strategies, and its sales compensation plan. (Arato Aff.)

3. CA's interest in protecting this type of information is borne out by its practice of requiring its employees to execute confidentiality agreements. (A copy of the agreement John Bohne signed in 1992 is attached to the Arato Aff. as Exhibit 1.) Included in the definition of confidential information are "all plans or strategies for marketing, development and pricing, and all information concerning exiting or potential customers or vendors." (*Id.*, ¶ 4.)

4. If one of CA's competitors obtained this type of information, the company could use it to obtain a competitive advantage over CA. For instance, a competitor could use this information to set product prices or formulate a pricing strategy that could undercut CA with its customers or prospective customers. (Arato Aff.)

5. Accordingly, because disclosure of this type of information could cause CA to experience significant economic harm, CA has a strong interest in protecting such confidential business information.

6. In March 2005, the parties stipulated and agreed between themselves to the terms of a Confidentiality Agreement ("Confidentiality Agreement"), a copy of which is attached hereto as Exhibit B.

7. Pursuant to the Confidentiality Agreement, the parties agreed to designate confidential documents by marking the initial page "CONFIDENTIAL" or the like at the time they were produced.

8. Exhibits 3-6, 8, and 10-16, submitted in support of CA's Motion for Summary Judgment contain confidential and proprietary information. These documents include: 1) emails with attachments that contain sales proposals; 2) Compensation Plan documents that reveal CA's sales strategies and commission information; and 3) internal CA files that also reflect sales and pricing strategies. CA produced these documents to Bohne subject to the parties' Confidentiality

Agreement. To assist the Court's determination of this motion, CA files copies of these exhibits concurrently with this motion in a sealed envelope indicating their confidential designation.

9.  As part of their Confidentiality Agreement, the parties also agreed that if it was "necessary for any party to file with the Court any document referring to or containing Confidential Information, or if such disclosure must be made in connection with a conference, hearing, or other Court proceeding, [they would] cooperate in obtaining an appropriate protective order to file the document under seal or to otherwise protect the confidential nature of the information." *See* Paragraph 6 of the Confidentiality Agreement.

10. Notwithstanding the parties' agreement to cooperate in obtaining the Court's permission to file confidential documents under seal, Bohne has refused to assent to this motion.

11. CA proposes that this confidential and proprietary information be impounded until the conclusion of this case, at which time, CA will retrieve all impounded Confidential Documents from the clerk of this Court.

12. Granting this motion will assist in protecting CA's confidential and proprietary information.

WHEREFORE, Defendant requests that this Court grant its Motion to Impound Confidential Information and Exhibits in Support of Defendant's Motion for Summary Judgment.

Respectfully submitted,<br>
COMPUTER ASSOCIATES<br>
INTERNATIONAL, INC.,<br><br>
By its counsel,<br><br>
/s/ Brigitte Duffy<br>
Brigitte M. Duffy<br>
SEYFARTH SHAW LLP<br>
World Trade Center East<br>
Two Seaport Lane<br>
Suite 300<br>
Boston, MA 02210-2028<br>
Phone: (617) 946-4800<br>
Fax: (617) 946-4801

Dated: August 1, 2005

**Local Rule 7.1(A)(2) Certification**

I hereby certify that I have attempted in good faith to confer with plaintiff, who is *pro se*, in an attempt to narrow or resolve the issues raised by this motion.

/s/ Brigitte Duffy

CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2005, the foregoing Motion was served upon Plaintiff *pro se,* John Bohne, 34 Kenmare Way, Rehoboth Beach, DE 19971, by forwarding a copy of same via FedExpress, overnight mail, postage prepaid.

/s/ Brigitte Duffy

4

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN BOHNE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>COMPUTER ASSOCIATES INTERNATIONAL, INC.,<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) C. A. NO. 04CV10068-WGY<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**AFFIDAVIT IN SUPPORT OF
DEFENDANT'S MOTION TO IMPOUND CONFIDENTIAL INFORMATION AND
EXHIBITS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

I, ALEXANDER G. ARATO, duly depose and state as follows:

1. I am employed as Vice President, Senior Counsel at Computer Associates International, Inc. ("CA"). I make this affidavit based on personal knowledge and my review of the CA documents at issue.

2. At the time CA terminated his employment, Plaintiff John Bohne ("Bohne") was a Sales Executive assigned to CA's Framingham office.

3. In support of CA's Motion for Summary Judgment, it is necessary for CA to cite to and provide the Court with confidential, proprietary business information concerning its products, pricing, and sales compensation plan, with respect to the software licensing deal handled by Mr. Bohne that was the basis for CA's decision to terminate Bohne's employment.

4. CA seeks to protect that information from public disclosure because its disclosure could cause CA significant economic harm. CA maintains a competitive advantage over other

software companies by keeping confidential information concerning the prices it charges customers, its pricing strategies, and its sales compensation plan.

5. CA's interest in protecting this type of information is borne out by its practice of requiring its employees to execute confidentiality agreements. (A copy of the agreement John Bohne signed in 1992 is attached hereto as Exhibit 1.) Included in the definition of confidential information are "all plans or strategies for marketing, development and pricing, and all information concerning exiting or potential customers or vendors." *Id.*, ¶ 4.

6. If one of CA's competitors obtained this type of information, the company could use it to obtain a competitive advantage over CA. For instance, a competitor could use this information to set product prices or formulate a pricing strategy that could undercut CA with its customers or prospective customers.

7. Accordingly, because disclosure of this type of information could cause CA to experience significant economic harm, CA has a strong interest in protecting such confidential business information.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY,

July 22, 2005
Dated

ALEXANDER G. ARATO

**EXHIBIT 1**

ADDENDUM B

# COMPUTER ASSOCIATES INTERNATIONAL, INC.
# EMPLOYMENT AND CONFIDENTIALITY AGREEMENT

In consideration of employment by Computer Associates International, Inc. (the "Company") of the undersigned employee ("Employee"), it is understood and agreed as follows:

1. **Employee Work Standards.** Employee will (a) serve the Company (and such of its subsidiary or parent companies as the Company may designate) faithfully, diligently and to the best of Employee's ability under the direction of the officers of the Company, (b) in the course of employment, devote his or her best efforts and substantially his or her entire time, attention and energy to the performance of his or her duties to the Company and (c) not do anything inconsistent with Employee's duties to the Company.

2. **Laws; Other Agreements.** Employee represents that Employee's employment by the Company will not violate any law or duty by which he or she is bound, and will not conflict with or violate any agreement or instrument to which Employee is a party or by which he or she is bound.

3. **Confidential Informations of Others.** Employee agrees that in the course of employment with the Company he or she will not bring to the Company's offices nor use, disclose to the Company, or induce the Company to use, any confidential information or documents belonging to others.

4. **Confidential Information of the Company.** As used in this Agreement, the term "Confidential Information" means any and all confidential, proprietary or secret information, including that conceived or developed by Employee, applicable to or in any way related to (i) the present or future business of the Company, (ii) the research and development of the Company, or (iii) the business of any customer or vendor of the Company. Such Confidential Information of the Company includes, by way of example and *without limitation*, trade secrets, processes, formulas, data, program documentation, algorithms, source codes, object codes, know-how, improvements, inventions, techniques, all plans or strategies for marketing, development and pricing, and all information concerning existing or potential customers or vendors. Confidential Information of the Company also includes all similar information disclosed to the Company by other persons.

5. **Protection of the Company's Confidential Information.** Employee acknowledges that the Confidential Information of the Company is a special, valuable, and unique asset of the Company, and Employee agrees at all times during the period of his or her employment, and at all times after termination of such employment, not to disclose for any purpose and to keep in strict confidence and trust all of such Confidential Information. Employee agrees during and after the period of such employment not to use, directly or indirectly, any Confidential Information other than in the course of performing duties as an employee of the Company, nor will Employee directly or indirectly disclose any Confidential Information or anything relating to it to any person or entity except, with the Company's consent, as may be necessary to the performance of Employee's duties as an employee of the Company. Employee will abide by Company policies and rules established from time to time by it for the protection of its Confidential Information.

6. **Return of Materials.** Upon termination of employment with the Company, and regardless of the reason for such termination, Employee will leave with, or promptly return to, the Company all documents, records, notebooks, magnetic tapes, disks or other materials, including all copies, in his or her possession or control which contain Confidential Information of the Company or any other information concerning the Company, its products, services or customers, whether prepared by the Employee or others.

7. **Inventions as Sole Property of the Company.** Any inventions, discoveries, concepts or ideas, or expressions thereof, whether or not subject to patents, copyrights, trademarks or service mark protections, and whether or not reduced to practice, conceived or developed by Employee while employed with the Company or within one year following termination of such employment which relate to or result from the actual or anticipated business, work, research or investigation of the Company or which are suggested by or result from any task assigned to or performed by Employee for the Company shall be the sole and exclusive property of the Company. Employee will do all things reasonably requested by the Company to assign to and vest in the Company the entire right, title and interest to any such inventions, discoveries, concepts, ideas or expressions thereof.

© 1991 Computer Associates International, Inc.

CA 0203

**14. List of Prior Inventions.** All inventions which Employee has made prior to employment by the Company are excluded from the scope of this Agreement. As a matter of record, Employee has set forth on *Exhibit A* hereto a complete list of inventions, discoveries, or improvements which might relate to the Company's business and which have been made by Employee prior to employment with the Company. Employee represents that such list is complete.

**15. No Duration of Employment.** The Company and Employee each acknowledge and agree that Employee's employment with the Company is not for any duration and that such employment may be terminated by either the Company or Employee at any time and for any reason, with or without cause.

**16. General.**
  a. If the Company is successful in a suit or proceeding to enforce this Agreement, Employee will pay the Company's costs of bringing such suit or proceeding, including attorney's fees.
  b. Any notice required or permitted to be given under this Agreement shall be made either
    (i) by personal delivery to Employee or, in the case of the Company, to the Company's principal office ("Principal Office") located at 711 Stewart Avenue, Garden City, New York 11530, Attention: Manager of Personnel, or
    (ii) in writing and sent by registered mail, postage prepaid, to Employee's residence or, in the case of the Company, to the Company's Principal Office.
  c. This Agreement shall be binding upon Employee and his or her heirs, executors, assigns, and administrators and shall inure to the benefit of the Company, its successors and assigns and any subsidiary or parent of the Company.
  d. This Agreement shall be governed by and construed in accordance with the laws of the State of New York.
  e. This Agreement represents the entire agreement between Employee and the Company and supersedes any and all previous oral or written communications, representations or agreements. This Agreement may be modified only by a duly authorized and executed writing.

EMPLOYEE

_____
Signature

John P. Bohne
Typed or Printed Name

April 16, 1992
Date


COMPUTER ASSOCIATES INTERNATIONAL, INC.

By _____

Title _____

5/1/4
Date

CAUTION TO EMPLOYEE: This Agreement affects important rights. DO NOT sign it unless you have read it carefully and are satisfied that you understand it completely.

CA 0204

# EXHIBIT A
# TO
# EMPLOYMENT AND CONFIDENTIALITY AGREEMENT

I represent that I have disclosed on this Exhibit all inventions, ideas, writings or computer programs in which I have any right or interest. I agree that any present or future patent, idea, copyright, writing or computer program not listed in this Appendix is subject to assignment and vesting under Paragraph 7 of the attached Computer Associates Employment and Confidentiality Agreement. I further agree that under no circumstances will I incorporate in any work that I perform for the Company any of the ideas, programs and/or writings I have disclosed on this Exhibit without prior written consent of the Company.

| Brief Description of Invention, Idea, Writing or Computer Program | Right, Title or Interest and Date Acquired |
|---|---|
| | |

April 16, 1992
Date

Employee Signature

CA 0205

US0991EN

**EXHIBIT B**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN BOHNE,<br><br>              Plaintiff,<br><br>v.<br><br>COMPUTER ASSOCIATES INTERNATIONAL, INC.,<br><br>              Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) C. A. NO. 04CV10068WGY<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CONFIDENTIALITY AGREEMENT

It is hereby stipulated and agreed that:

1. The above-captioned parties may designate as "Confidential Information" all documents and information that they produce or provide in connection with this matter, and that the parties believe in good faith to constitute, contain, or reflect confidential information (including but not limited to information concerning defendant's employee personnel records, and confidential and proprietary business information concerning the defendant). While identification as "confidential" shall not be considered or contended to be a concession by the other party that all or any portion of the documents do, in fact, constitute confidential information entitled to protection as such, that designation shall be sufficient to cause such documents or portions thereof to be subject to the provisions of this Protective Order.

2. The Confidential Information described above shall be designated and treated as follows:

    a. Documents or copies may be designated as Confidential Information by marking the initial page "CONFIDENTIAL" or the like at the time they are produced. In lieu of marking the original of the document if the original is not disclosed, the parties may mark the copies that are produced;

      b.   Responses to interrogatories or other discovery requests or responses, or other papers served on the other party containing information deemed confidential under the terms of section one of this Protective Order shall be designated as Confidential Information by prominently marking such paper "CONFIDENTIAL" or the like.

      c.   Information disclosed or discussed in a deposition may, subject to section one of this Protective Order, be designated by either party as Confidential Information by so indicating on the record at the time of the deposition or, within fourteen (14) days after receipt by the party of the applicable deposition transcript, by notifying counsel for the other party as to which portions of the deposition transcript contain Confidential Information.

      d.   In the event that either party fails, at the time or in the manner set forth in paragraphs (a), (b) or (c) above, to designate any document or information as Confidential Information which either party later determines ought to be so designated, that party may later designate any such document or information as Confidential Information, provided that it shall not be a violation of this Protective Order to have disclosed such information or information prior to notice of its designation as Confidential Information.

    3.   Except as otherwise required by law, any information, whether oral or written, designated as Confidential Information shall be made available only to Qualified Persons. "Qualified Persons" means: (a) counsel of record for the parties to this matter; (b) the parties (in the case of defendant, this includes, but is not limited to, its employees), (c) persons retained by any party to furnish expert advice or to give expert testimony; and (d) any other person as to whom the parties mutually agree, or, if the parties are not able to reach an agreement, either party may move the Court for an order that such persons may have access to the Confidential Information. Any persons described in paragraphs (c) and (d) shall sign a Confidentiality Certification in the form attached as Exhibit A hereto, which states that she or he has read this Protective Order and agrees to be bound by its terms.

    4.   All documents and all information designated "Confidential" hereunder and information obtained therefrom shall not be disclosed or used for any purposes whatsoever other than for purposes of the investigation, mediation, conciliation, negotiation, settlement, or preparation for trial in this matter.

5. Each Qualified Person shall store any Confidential Information such that the information will be disclosed only to other Qualified Persons.

6. If it is necessary for any party to file with the Court any document referring to or containing Confidential Information, or if such disclosure must be made in connection with a conference, hearing, or other Court proceeding, the parties agree to cooperate in obtaining an appropriate protective order to file the document under seal or to otherwise protect the confidential nature of the information.

7. Within sixty (60) days after the conclusion of this matter, including the expiration of all periods for appeal from any order, or in the case of an appeal, the final disposition of all appeals, any Confidential Information produced by the parties and all written material embodying such Confidential Information, including all copies of or excerpts from or summaries of such Confidential Information that have been made, shall be returned to the counsel who originally produced the Confidential Information and such information shall remain subject to the terms of this Protective Order.

8. The terms of this Protective Order shall survive and remain in full force and effect after the termination of this matter.

9. This Protective Order shall apply to Confidential Information which the parties or their counsel have obtained from sources other than the opposing party during the period this matter is pending.

10. This Protective Order is entered to facilitate the discovery and production of relevant evidence in this action. Neither the entry into this Protective Order nor the designation of any information, document, or the like as Confidential Information, nor the failure to make

such designation, shall constitute evidence with respect to the issue of confidentiality, if contested, or with respect to any other issue in this matter.

11. Nothing contained in this Confidentiality Agreement shall be construed to prejudice either party's right to use in Court proceedings in this matter any documents or information protected by this Confidentiality Agreement, or exhibits prepared therefrom. In the event that a party wishes to use a confidential document or any Confidential Information contained therein in any paper filed with the Court in this matter, such paper (or part thereof containing the confidential document or Confidential Information) shall be filed under seal and maintained under seal by the Court, unless the parties mutually otherwise agree in writing, or unless upon motion by any party or on its own initiative, the Court shall otherwise direct. In the event this matter proceeds to trial, the confidentiality in the formal record of any such document or information prepared therefrom shall be protected as decreed by the Court upon application to the Court by either party.

Dated: March 2, 2005

PLAINTIFF,
JOHN P. BOHNE

By his Attorney,

_____
V. Edward Formisano (admitted Pro hac vice)
Louise A. Herman (BBO# 548995)
SINAPI, FORMISANO & COMPANY
100 Midway Place, Suite 1
Cranston, RI 02920
Telephone:    (401) 944-9690
Telecopier:   (401) 943-9040

Dated: March 7, 2005

DEFENDANT,
COMPUTER ASSOCIATES
INTERNATIONAL, INC.,
By its Attorneys,

_____
Brigitte Duffy (BBO# 565724)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Telecopier:   (617) 946-4801

4

Exhibit A

## CONFIDENTIALITY CERTIFICATION

The undersigned hereby acknowledges that he or she: (1) has read the Confidentiality Agreement to protect the Confidential Information of the parties in the case of <u>John Bohne v. Computer Associates International, Inc.</u>, Civil Action no. 04CV10068WGY, pending before the United States District Court for the District of Massachusetts ("Court"); (2) understands the terms of the Confidentiality Agreement; (3) agrees to be bound by the terms of the Confidentiality Agreement; and (4) irrevocably submits his or her person to the jurisdiction of the Court for the purpose of securing compliance with the terms and conditions of the Confidentiality Agreement.

_____          _____
Signature                                                              Date


Please print or type your name and address below:

_____
Name

_____

_____
Address

5

BO1 15699750.1