UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN P. BOHNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. NO. 04CV10068WGY |
| ) | |
| COMPUTER ASSOCIATES INTERNATIONAL, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT COMPUTER ASSOCIATES INTERNATIONAL,
INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION LIMINE**

**PRELIMINARY STATEMENT**

Pro se Plaintiff John Bohne ("Bohne"), when represented by an attorney, filed a complaint asserting causes of action for age discrimination under state and federal law, termination of his employment in violation of public policy, violation of the state whistle-blower statute, and breach of the covenant of good faith and fair dealing for failure to pay commissions. Almost two years after filing the Complaint (without ever having sought to amend it) and after Defendant Computer Associates International, Inc. ("CA" or the "Company") moved for summary judgment, Bohne now purports to bring additional claims based on the termination of his employment with CA – specifically, for severance and defamation of character – and seeks additional damages. Because these claims have never been part of this case and are not legally viable, Bohne should not be permitted to introduce evidence concerning them at trial.

Bohne also intends to introduce evidence at trial that relates to the pending criminal charges against former officers of CA, the Deferred Prosecution Agreement entered into by CA with the U.S. Attorney for the Eastern District of New York, and the Consent Decree entered

into by CA with the U.S. Securities and Exchange Commission.  The misconduct that led to the indictments of former CA officers and the Company's aforementioned agreement is wholly unrelated to any claims remaining in this action and, therefore, has no probative value. Admitting such evidence would serve no purpose other than to prejudice the jury against CA.

In order to ensure that evidence that is wholly unrelated to the remaining claims is not raised at trial, CA moves in limine for an order prohibiting the plaintiff from introducing evidence at trial related to these issues.

## FACTUAL AND PROCEDURAL BACKGROUND

**A.      Factual Background**

Bohne was employed at-will with CA as a Sales Executive or in other sales-related roles from 1983 until his termination on August 19, 2002.  According to Bohne, on August 19, 2002, Juanita Cox, an Employee Relations Specialist at CA, told him that CA was terminating his employment because of a "rules violation."  (Complaint, ¶ 13, copy attached hereto as Exhibit 1.) Bohne contends that he never received written notice from CA of his termination until months later.

**B.      Procedural Background**

On January 8, 2004, Bohne filed a five count complaint against CA asserting the following causes of action: (1) violation of 29 U.S.C. § 621, the Age Discrimination in Employment Act ("ADEA") (Id., ¶¶ 17-19); (2) violation of M.G.L. c. 151B based on age discrimination (Id.); (3) violation of M.G.L. c. 149, § 185, the state whistle-blower statute (Id., ¶¶ 21-23); (4) breach of the covenant of good faith and fair dealing based on CA's alleged failure to pay commissions (Id., ¶¶ 15, 20); and (5) breach of the covenant of good faith and fair dealing based on termination of employment in violation of public policy (Id., ¶¶ 20-24).

At the conclusion of discovery, CA moved for summary judgment on all of Bohne's claims. In opposing summary judgment, Bohne argued, in essence, that CA had misinterpreted some of his claims and asserted that he was also pursuing a whistleblower claim under the Sarbanes-Oxley Act of 2002 and a wage claim under M.G.L. c. 149, § 148. He never argued that any of his claims were based on CA's failure to pay him severance or that he had asserted a claim for defamation of character.

The Court granted summary judgment on all of Bohne's claims, except for his claim that CA breached the covenant of good faith and fair dealing by failing to pay him certain commissions.[1] In the parties' Joint Pre-Trial Memorandum, Bohne makes it clear for the first time that, in addition to his claims for unpaid commissions on three software licensing transactions, he seeks damages for (1) defamation of character, (2) failure to pay severance, and (3) other "financial losses" in addition to commissions.

## LEGAL ARGUMENT

**I.   BOHNE SHOULD NOT BE PERMITTED TO SEEK DAMAGES RELATED TO HIS TERMINATION OTHER THAN FOR COMMISSIONS.**

**A.   Bohne's claim for severance.**

For the first time in this litigation, shortly before trial and in the Joint Pre-Trial Memorandum, Bohne asserts that he is entitled to severance pay under CA's severance plan (the "Plan"). (A copy of the Plan is attached hereto as Exhibit 2.) Even assuming that Bohne should be permitted to pursue this claim despite his failure to ever articulate it during the course of discovery, it would fail for many reasons. First, any claim for severance under the Plan is barred because Bohne failed to exhaust his administrative remedies. Second, under the terms of the Plan, Bohne does not qualify for severance because CA terminated his employment for violation

---

[1] The parties have agreed in principle to the amicable resolution of two such commission claims. Thus, the impending trial of this action will relate to one commission claim.

of its work rules. Third, even if he were eligible for severance under the Plan, the Plan expressly conditions the receipt of severance on the employee's execution of a release of claims, a requirement Bohne cannot satisfy given his pursuit of claims against CA that he would have had to release as a pre-condition to receiving such severance.

CA's Severance Plan is a welfare plan under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et. seq.* ("ERISA"). Congress has mandated that all ERISA plans include an appeal process. In order to render this legislative mandate meaningful, the First Circuit requires plaintiffs to exhaust administrative remedies before bringing benefits claims to court. See Morais v. Central Beverage Corp. Union Employees' Supplemental Retirement Plan, 167 F.3d 709, n.4 (1st Cir. 1999) (First Circuit adheres to requirement of exhaustion of administrative remedies for benefits claims). In this case, Bohne should have pursued his claim for severance administratively before seeking to assert it in this judicial proceeding.

In a section entitled "Review of Denial of Benefits," the Plan establishes deadlines for employees who believe that they should have received severance to file a claim with the Plan Administrator, and for the Administrator to notify the employee of his/her determination of the claim, as well as time periods for appealing a denial. (Exhibit 2, p. 43.) Under this section, Bohne had 90 days from his termination to file a claim for benefits with the Administrator and the Administrator had 90 days to issue a decision on his claim. Id. In Santana v. Deluxe Corp., 12 F. Supp. 2d 162 (D. Mass. 1998), the Court agreed with the Seventh and Eleventh Circuits that "strong public policy reasons . . . compel plaintiffs to exhaust all benefit denial claims, regardless of their nature." Id. at 175. Having failed to exhaust his administrative remedies within the time provided under the Plan, Bohne has lost any claim for severance that he may have had.

Even if Bohne were not required to exhaust his administrative remedies, his claim for severance would fail for two additional reasons. First, the Plan section entitled "Eligibility and Benefits" establishes that individuals whose employment CA terminated for violation of work rules are not eligible for severance. Id., p. 40, subsection B(3)(ii)(7). CA terminated Bohne's employment because he failed to comply with CA's requirement that Sales Executives provide complete and accurate information on the Business Analysis Review Form that Sales Executive complete on any licensing transaction they propose CA enter into.[2] Second, subsection G of this section establishes that an employee's receipt of severance is contingent on the employee's execution of a severance, release, and non-competition agreement. Id., p. 42. Given Bohne's pursuit of claims against CA, it is clear that Bohne cannot satisfy this requirement. In short, because Bohne cannot establish that he would have been entitled to receive benefits under the Plan, he should be barred from introducing any evidence concerning severance.

**B.  Bohne's claim for any other economic damages related to his termination.**

Based on the parties' Joint Pre-Trial Memorandum and an exhibit Bohne proposes to introduce into evidence calculating his damages (copy attached as Exhibit 3), it is apparent that Bohne still believes that he may recover lost earnings for his allegedly "improper" termination beyond commissions on the three software licensing transactions that currently remain in this case.[3] Specifically, Bohne calculates that he is entitled to 5.33 years of back/front pay which he values at approximately $1.1 million. This Court granted summary judgment on the claims that

---

[2] Even had Bohne applied for and been denied benefits, "[t]he Plan Administrator has the responsibility and the absolute discretionary authority to interpret the terms and provisions of the Plan, to determine eligibility for benefits under the Plan, and to determine the amount of such benefits. The interpretations and determinations of the Plan Administrator are final and binding unless determined by a court of competent jurisdiction to be arbitrary and capricious." Ex. 2, p. 40. Accordingly, any challenge to CA's undoubted denial of Bohne's benefits would fail because a court would review the denial to determine whether it was an abuse of discretion. See Santana v. Deluxe Corp., 12 F. Supp. 2d at 173. Clearly, it would not be an abuse of discretion to deny benefits to Bohne based on the reason for his termination: his failure to disclose to CA that he had negotiated a deal on its behalf in which he agreed that CA would assume more than $227,000.00 in payments that a customer owed to a third party.

[3] As set forth in footnote 1, the parties have agreed in principle to resolve two of these commission claims.

Bohne pursued which would support an award of back or front pay – claims for discrimination, termination in violation of public policy, and whistle-blowing.[4] The only claim that survived summary judgment was one for breach of the covenant of good faith and fair dealing based on CA's alleged failure to pay commissions that Bohne claims were due and owing. As a result of summary judgment, there is no claim remaining that would support the damages that Bohne apparently seeks.

For all these reasons, this Court should not permit Bohne to introduce evidence supporting his claims for severance or loss of wages, other than his claim for unpaid commissions.

## II. BOHNE SHOULD NOT BE PERMITTED TO INTRODUCE EVIDENCE IN SUPPORT OF A CLAIM FOR DEFAMATION OF CHARACTER.

According to the parties' Joint Pre-Trial Memorandum, Bohne seeks to amend the complaint to add a claim for "defamation of character." Bohne should not be permitted to add such a claim or introduce any evidence at trial regarding a defamation claim because he has never raised this claim during the two years this action has been pending and CA would be prejudiced by permitting him to do so now.

In the Joint Pre-Trial Memorandum, Bohne supports his effort to add this new claim by asserting that it "arise[s] from" paragraph 26 of his Complaint, which states:

> As a proximate result of Defendant's discriminatory acts and/or omissions, including but not limited to those described herein, the Plaintiff has suffered and will continue to suffer loss of income and other employment benefits, severe mental and physical anguish, pain and suffering, loss of enjoyment of life, and other great harm.

---

[4] Some of Bohne's submissions suggest that he believes (1) that there are additional exceptions to the at-will employment doctrine beyond those he has pursued, and (2) that he has some sort of claim because CA failed to terminate his employment in writing. Bohne never asserted such claims previously and no Massachusetts case law supports either theory. Rather, Massachusetts law is clear that "[e]mployment at-will is terminable by either the employee or the employer without notice, for almost any reason or for no reason at all." <u>Wright v. Shriners Hosp. for Crippled Children</u>, 412 Mass. 469, 472 (1992).

This paragraph alleges harm stemming from alleged "discriminatory acts" by CA.  By Order dated October 18, 2005, this Court granted CA's Motion for Summary Judgment dismissing Bohne's federal and state age discrimination claims (Counts I and II).  Just as Bohne's age discrimination claims have been dismissed, so have any claims for damages arising out of the alleged discrimination.  Notably, Bohne did not seek to add this claim until *after* CA served its Motion for Summary Judgment and *after* the Court partially granted CA's motion, dismissing all but one of Bohne's claims, thereby substantially narrowing the scope of Bohne's damages to unpaid commissions.  Bohne's current effort to amend the complaint should be rejected because it is nothing more than an eleventh hour attempt to obtain damages which are not supported by the remaining claims.

Further undercutting Bohne's efforts is the fact that there is nothing in paragraph 26 – or anywhere else in the complaint – that put CA on fair notice, as required by Rule 8(a) of the Federal Rules of Civil Procedure, of Bohne's defamation claim.  Bohne claims that he "covered the[] facts" of his defamation claim during his June 16, 2005 deposition, Joint Pre-Trial Memorandum, p. 14, but the only testimony on this issue is the following:

> Q:  Are you seeking damages for emotional distress?
>
> A:  I believe that's included in what I consider to be the damages that – you know, for reputation.

Bohne Dep. Trans. Vol. II, 362: 16-19, attached as Exhibit 4.  To establish a defamation claim, a plaintiff must prove that: (1) the statement holds him up to contempt, hatred, scorn, or ridicule or tends to impair his standing in the community; (2) the statement was published to a third party; and (3) he suffered special damages.  Yohe v. Nugent, 321 F.3d 35, 40 (1st Cir. 2003).  Bohne has never indicated, either in the complaint, his discovery responses or in the recently-submitted

Joint Pre-Trial Memorandum, whether the alleged defamatory statement was made orally or in writing, when it was made, and by whom.  Moreover, because Bohne never previously articulated this claim, CA had no the opportunity to conduct discovery on this issue as it was entitled to do.  <u>Kennedy v. Josephthal, Inc.</u>, 814 F.2d 798, 806 (1st Cir. 1987) (upholding district court's denial of leave to amend where allowing amendment would have required, among other things, reopening discovery); <u>Quaker State Oil Refining Corp. v. Garrity</u>, 884 F.2d 1510, 1517 (1st Cir. 1989) (affirming denial of motion to amend filed two months prior to end of discovery and three weeks prior to deadline for summary judgment motion); <u>Serrano Medina v. United States</u>, 709 F.2d 104, 106 (1st Cir. 1983) (trial court did not abuse discretion in denying leave to amend where there was no justification for delay in asserting new claims, and their acceptance would require additional research and discovery).  In short, it is patently obvious that Bohne seeks to assert this claim in an effort to pursue damages that he is otherwise foreclosed from seeking.  Moreover, CA would be prejudiced should he be permitted to do so.  Accordingly, no evidence should be admitted at trial concerning this previously unasserted claim.

### III.  BOHNE SHOULD NOT BE PERMITTED TO INTRODUCE EVIDENCE RELATING TO THE CRIMINAL PROSECUTIONS OF CA AND ITS FORMER OFFICERS.

In a thinly veiled attempt to prejudice the jury against CA, Bohne asserts that he is entitled to introduce evidence relating to the criminal charges against CA and some of its former officers because it "would go to support the Plaintiff's argument as to the Motives of the Defendant and its Officer as to the 'Termination' of the Plaintiff." Joint Pre-Trial Memorandum, p. 12-13.  The misconduct that led to the indictments of former CA officers and the Company's entry into a Deferred Prosecution Agreement and Consent Decree is wholly unrelated to the claims remaining in this action for unpaid commissions and, therefore, has no probative value.

Fed. R. Evid. 401, 402, and 403.  Moreover, it would be highly prejudicial to CA, would confuse a jury, and would waste the Court's time and resources.  Fed. R. Evid. 403.

The only fact related to Bohne's termination that is relevant to his claim for breach of the covenant of good faith and fair dealing is whether CA terminated his employment in bad faith in order to deprive him of commissions.  Joyal v. Hasbro, Inc., 380 F.3d 14, 20 (1st Cir. 2004) (citing Gram v. Liberty Mut. Ins. Co., 384 Mass. 659 (1981)) (an obligation of good faith and fair dealing is implied in an at-will employment contract to impose liability on an employer "for the loss of compensation that is so clearly related to an employee's past service, when the employee is discharged without good cause").  The criminal indictments at issue arose out of the practice of holding open CA's books at the end of each quarter, in order to improperly record in that quarter, revenue from contracts that were not executed until after the expiration of the quarter.  According to the government, CA, which entered into a Deferred Prosecution Agreement to resolve the claims against it, ceased this practice before 2002.  There is nothing about this earlier misconduct that is relevant to the decision to terminate Bohne's employment and CA's reasons for doing so.  Given the absence of any connection whatsoever between the criminal investigation of CA and charges against some of its former officers and Bohne's claim that he was terminated in bad faith to prevent his receipt of commissions, this evidence lacks any probative value.

Even if evidence of the criminal investigation and prosecution were somehow relevant, it should be excluded because "its probative value is substantially outweighed by the danger of unfair prejudice."  Fed. R. Evid. 403.  See also Blake v. Pellegrino, 329 F.3d 43, 47 (1st Cir. 2003) (district court has the authority to exclude relevant evidence if the court finds that its probative value is substantially outweighed by its unfairly prejudicial effect).  Bohne's proposed

evidence has no probative value or "special relevance."  <u>Veranda Beach Club Ltd. Partnership v. Western Surety Co.</u>, 936 F.2d 1364, 1373 (1st Cir. 1991).  It would only be offered to show an "evil inclination" rather than to establish a material fact.  <u>Id.</u>  CA would be severely and improperly prejudiced by evidence about a criminal investigation and prosecution.  The jury could be unfairly tainted by this unrelated misconduct within and by the Company.  Therefore, Bohne should be barred from commenting upon, soliciting testimony, or admitting any evidence at trial regarding the criminal investigation of CA and prosecution of certain of its officers.

## CONCLUSION

For the foregoing reasons, Defendant CA respectfully requests that this Court grant its motion in limine and prohibit the Plaintiff from introducing evidence at trial on these issues.

Date:  November 22, 2005

Respectfully submitted,
DEFENDANT,
COMPUTER ASSOCIATES
INTERNATIONAL, INC.,
By its attorneys,

/s/ Brigitte Duffy
Brigitte M. Duffy (BBO # 565724)
Jennifer A. Serafyn (BBO # 653739)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:     (617) 946-4800
Telecopier:    (617) 946-4801

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2005, the foregoing Motion was served upon Plaintiff *pro se,* John Bohne, 34 Kenmare Way, Rehoboth Beach, DE 19971, by forwarding a copy of same via FedExpress, overnight delivery, postage prepaid.

/s/ Brigitte Duffy

- 10 -

BO1 15746102.3