**United States District Court**
**District of Massachusetts**

FILED
IN CLERKS OFFICE

2005 DEC -2  A 10: 26

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| John P. Bohne,          )<br>       Plaintiff,     )<br>                   )<br>v.                   )<br>                   )<br>Computer Associates   )<br>International, Inc.,      )<br>       Defendant.   )<br>                   )<br>                   ) | C.A. No.04CV10068WGY |

## PLAINTIFF, JOHN P. BOHNE'S MEMORANDUM IN SUPPORT OF ITS REPLY TO DEFENDANT, COMPUTER ASSOCIATES MOTION LIMINE

As plaintiff, my attorney of record at the time filed a motion on my behalf,

containing various allegations in relation to the action brought against the Defendant,

Computer Associates International Inc. These allegations were listed under the heading

VI. Allegations Common to all Causes of Action. Further in the COMPLAINT, those

same allegations were summarized for the Court to identify each action and claim

separately. The intention of the claim, and the method of listing allegations separately

from the summarization, was to insure that should any of the individual Counts receive

from the Court, a ruling not favoring the Plaintiff, that the paragraph titled VI.

Allegations Common to all Causes of Action would survive that ruling. Therefore, the

intention of paragraph 26 of the COMPLAINT would survive, given the fact that

COUNT FOUR Breach of Contract-Covenant of Good Faith and Fair Dealing has

survived Summary Judgment. Paragraph 26 of the Complaint reads "As a proximate

result of the Defendant's discriminatory acts and/ or omissions, including but not limited to those described herein, the plaintiff has suffered and will suffer loss of income and other employment benefits, sever mental and physical anguish, pain and suffering, loss of enjoyment of life, and other great harm." This clearly defines the basis of the remaining claims against the Defendant. The Plaintiff's claim is rooted in the U.C.C, M.G.L, 106 § 703 and 708, Breach of Contract and as such damages for breach are permissible. The computation of these damages would be based on factors relating to compensation earned or due to be earned, benefits earned of due to be earned and other factors relating to the Breach of Contract.

The Plaintiff also reserves the right, pursuant to Federal Rules of Evidence, Rule 404 section (b), to introduce evidence to support the Plaintiff's claims that the Defendant was motivated to terminate the Plaintiff for "Personal Gain". This evidence would consist of information available to the public, via Newspapers or the internet, regarding the conduct of the Plaintiff and its officers that would support the Plaintiff's case regarding the motivation of the Defendant.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.   **Factual Background**

Through the date of my departure from CA on August 19, 2002, I was a hard-working, loyal and valued employee. I regularly performed in a superior manner, consistently meeting sales goals, and providing leadership and help to newer less experienced Sales Executives. During this 19-year tenure, I was repeatedly recognized for accomplishments in Sales. I was responsible for approximately $150,000,000 in new license revenue and I was recognized with Compass Club (Achieving Quota Goals or

better) on eleven individual occasions. I achieved an average "Quota Attainment" of about 229% over this 19-year tenure.

## Termination

In light of my job performance and considerable sales experience, coupled with my proven track record, the abrupt verbal notice of the Defendant's intention to terminate me was not only surprising, but very troubling when the chronology of events preceding this action are placed in context.

On August 19, 2002, I was walking to a company event and I was encountered by Juanita Cox, the Employee Relations Specialist for the Framingham office. During this brief encounter, Ms. Cox informed me that "I was being terminated", however, never provided any written notice of the termination nor did she provide me with my final settlement check as the law in Massachusetts stipulates should be done when an employer terminates an employee. Understandably shocked, I asked why I should be terminated. Ms. Cox replied a "rules violation" and refused to elaborate further. No compensation of any form has been received from the Defendant since this meeting. The only compensation received was a direct deposit amount of about $4300 dated August 30, 2002 which was payment for services through August 19, 2002 and accrued vacation.

For the Record here, there has been no evidence provided by the Defendant to substantiate "rules violation", and no written confirmation of termination has ever been received by the Plaintiff.

## B.    Procedural Background

By virtue of the Court allowing the COUNT FOUR to survive the Summary Judgment, the allegations should survive as well. These allegations were listed under the heading VI. Allegations Common to all Causes of Action. Further in the COMPLAINT, those same allegations were summarized for the Court to identify each action and claim separately. The assertion of the right to pursue these was simply delineated in the Pre-Trial Memorandum to allow the Defense the right to prepare for them at trial. These were not *NEW*. In fact the right and remedy for "Severance:" is embedded in the very principle established by the "covenant of good faith and fair dealing" where an employee is compensated for past services. Severance is not a damage award but is in fact compensation for past services. This quote taken from the Defendant's own severance policy reinforces that fact. "Employees who are determined in accordance with paragraph (B) to be eligible to receive benefits under the plan will receive an amount equal to (2) weeks of their base pay for each full year of continuous service with the company.....". This clearly implies compensation for past services.

## LEGAL ARGUMENT

### I.   DAMAGES FOR ANY BREACH OF CONTRACT SHOULD NOT BE DETEMINED BY THE DEFENSE.

#### A.   Plaintiff's claim for severance.

As has been repeated over and over again, severance is not a new item in this action. The existence of a severance policy published by the defendant may be newly introduced here. The eligibility for severance is not new but is presumed by the statute. The statute as affirmed by Fortune v. National Cash Register Company, 364 N.E.2d 1251 (1997) reinforced the right of an employee to receive compensation earned in the past if it

has been determined that the principles of covenant of good faith and fair dealing have
been violated.

The remainder of the Defendant's arguments focus on the fact that the Plaintiff
would have been denied eligibility since the termination was for "cause" and or the
Plaintiff did not file within the time prescribed. Clearly, until the Court ruled on the
Summary Judgment, any benefits would have been denied even if the filing took place.
Therefore, as in the Fortune case, even though the termination occurred before the actual
commission was to be paid, the Court found for Fortune understanding that the
commission was earned for "past services". This same principle applies here regardless
of the technicality that the filing did not take place.

### B.    Claim for other economic damages related to the purported termination.

It has not been determined by this Court when in fact or if in fact a "termination"
occurred. The facts are, there has never been a written notice of termination. To use a
quote from the Fortune case "The contract at issue is a classic terminable at will
employment contract. It is clear that the contract itself reserved to the parties an explicit
power to terminate the contract without cause on **written notice**". No written notice has
ever been received by the Plaintiff. Therefore, what remains before this Court is the
failure of the Defendant to provide wages, commissions and benefits through the
termination of that contract, whenever it is determined that that occurs. Also to be
determined, is the applicability and amount of severance that would be due for "past
services rendered".

## II.   PLAINTIFF WITHDRAWS ITS SPECIFIC CLAIM FOR DEFAMATION OF CHARACTER WITHIN THIS ACTION.

At this time, for expediency sake, the Plaintiff will withdraw the specific claim

for "Defamation of Character". The Plaintiff reserves the right, based on the Courts final

Ruling to pursue this claim at a later date.

Damage claims, however, not related to Defamation of Character, will be pursued

in accordance with the rights and remedies provided in the U.C.C., M.G.L., 106 § 703

and 708, Breach of Contract.

## III.   EVIDENCE RELATING TO THE CRIMINAL PROSECUTIONS OF CA AND ITS FORMER OFFICERS SHOULD BE ALLOWED.

The Defendant has used a pretext, that the purported dismissal was "for cause"

The entire defense presented through Summary Judgment was that the Plaintiff

"incorrectly inflated the net value of this deal to CA by failing to disclose and accurately

reflect that he obligated CA to pay…….on this transaction". This defense has been

shown to have no merit and in fact was only a pretext for the purported termination. The

Plaintiff holds the view that the Defendant, and its officers who directly participated in

the decision to issue instruction to the Defendant's personnel representative to initiate the

termination action, were motivated by the concern that the information regarding the

overbooking of the Allmerica Deal would be brought to the attention of the investigators

and be used as evidence for a prosecution of them. Further, this action along with the

failure to pay compensation, benefit, and commissions earned, server to provide the

"Personal Gain" referred to in this action. It is understood here, that the applicability of

the Sarbanes-Oxley Act would not apply since the action was "time bared", however, the

evidence to support motive should not be effected by this ruling.

## CONCLUSION

For the Forgoing reasons, the Plaintiff respectfully requests that this Court reject

the motion submitted by the Defendant except for the added claim for Defamation of

Character which has been withdrawn.

Respectfully Submitted

John P. Bohne
34 Kenmare Way
Rehoboth Beach, DE 19971
(302) 227-6405
(302) 448-0993 (mobile)

**Dated This Day:** 11/30/05

**To:**

Brigitte M. Duffy, Esq.
Seyfarth Shaw
Two Seaport Lane, Suite 300
Boston, MA 02210

### *CERTIFICATION*

I herby certify that the foregoing Reply was served upon Defendant's counsel of
record above, this day ___11/30/05___ via United States Postal Service Express
Mail.