UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN BOHNE,<br><br>            Plaintiff,<br><br>v.<br><br>COMPUTER ASSOCIATES INTERNATIONAL, INC.,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)  C. A. NO.  04CV10068WGY<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT COMPUTER ASSOCIATES INTERNATIONAL, INC.'S
MEMORANDUM IN OPPOSITION TO BOHNE'S MOTION IN LIMINE**

Defendant, Computer Associates International, Inc. ("CA" or "the Company"), submits this memorandum in opposition to the Motion in Limine filed by Plaintiff, John P. Bohne ("Bohne" or "Plaintiff"). Bohne asks that this Court limit the evidence that CA may introduce at trial concerning the reason for its decision to terminate Bohne's employment. Having claimed that CA's termination of his employment constitutes a breach of the implied covenant of good faith and fair dealing that is implied in the at will employment relationship, Bohne has placed the reason for his termination squarely at issue this case. CA cannot effectively defend itself at trial unless it is allowed to introduce evidence that supports its reason for terminating Bohne's employment. Because the ruling Bohne seeks would be grossly prejudicial to CA, the motion should be denied.

**ARGUMENT**

Because it employed Bohne at will, CA was entitled to terminate his employment "at any time and for any or no reason." Bergeson v. Franchi, 783 F. Supp. 713, 717 (D. Mass. 1992); see also, Archer v. Fujitsu Network Communications, Inc., 354 F. Supp. 2d 26, 29 (D. Mass. 2005);

Fortune v. Nat'l Cash Register Co., 373 Mass. 96, 100-01 (1977). In Massachusetts, an obligation of good faith and fair dealing is implied in an at-will employment contract to impose liability on an employer "for the loss of compensation that is so clearly related to an employee's past service, when the employee is discharged *without good cause*." (Emphasis added.) Joyal v. Hasbro, Inc., 380 F.3d 14, 20 (1st Cir. 2004) (citing Gram v. Liberty Mut. Ins. Co., 384 Mass. 659 (1981)); see also, Sargent v. Tenaska, Inc., 108 F.3d 5, 7 (1st Cir. 1997) ("[o]ne condition [for recovery of unpaid commissions] is that the discharge have been done in bad faith"); Cort v. Bristol-Meyers Co., 385 Mass. 300, 304 (1982).

Whether "good cause" exists is determined by an objective standard. See Joyal, 380 F.3d at 20. The question is whether the employer's articulated reason for discharge is a legitimate one as opposed to one that is dishonest, arbitrary, or trivial. Id. at 21. An employer does not act in bad faith simply because it is motivated by its own legitimate business interests. See Trent Partners and Assocs., Inc. v. Digital Equipment Corp., 120 F. Supp. 2d 84, 102 (D. Mass. 1999) (citing Fortune v. Nat'l Cash Register Co., 373 Mass. at 101-02)). Thus, in order to establish a breach of the covenant of good faith and fair dealing, Bohne must prove that CA terminated him without good cause and in bad faith in order to deprive him of commissions that he earned for work already performed. See Michelson v. Digital Financial Services, 167 F.3d 715, 726 (1st Cir. 1999).

Given the elements necessary to prove a claim for breach of the covenant of good faith and fair dealing in the employment context, to prevail Bohne must establish that CA terminated his employment in bad faith. In his motion in limine, Bohne suggests that CA had no legitimate basis for terminating his employment. See Memorandum in Support of Motion in Limine, at 2. While CA does not bear the burden of proving that it did not act in bad faith, it is entitled to

introduce evidence to rebut any evidence that Bohne introduces challenging the basis for its decision and its motives. If CA were prohibited from introducing such evidence, it would, in essence, be unable to introduce a defense to the core issue in this case – whether it acted in bad faith.

It appears that Bohne recognizes the flaw in his argument because he seems to concede that CA is entitled to introduce some "documents and testimony that refer to 'rules violation . . .'" Id. at 2. He contends, however, that, "the nature and extent of this should be limited to the fact that there was an initial statement of unsupported facts relating to a 'rules violation.'" Id. Bohne's assertion is erroneous and illogical. First, CA disputes Bohne's assertion. There is substantial evidence, introduced in the CA's summary judgment papers, which establishes the basis for Bohne's termination. Second, Bohne fails to articulate how this evidence could be limited in a way that is not prejudicial to CA's defense of this matter. Finally, having challenged the validity of CA's decision to terminate his employment, Bohne has no legal grounds to argue that CA should be limited in the evidence it may introduce to establish the reasons behind its decision and its good faith basis for carrying it out.

**Conclusion**

Wherefore, CA respectfully requests that the Court deny Plaintiff's John Bohne's Motion in Limine.

> Respectfully submitted,
>
> DEFENDANT,
> COMPUTER ASSOCIATES
> INTERNATIONAL, INC.,
> By its attorneys,
>
> /s/ Brigitte Duffy_____
> Brigitte Duffy (BBO # 565724)
> SEYFARTH SHAW LLP
> World Trade Center East
> Two Seaport Lane, Suite 300
> Boston, MA 02210-2028
> Telephone:   (617) 946-4800
> Telecopier:   (617) 946-4801

Dated: December 9, 2005

CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2005, the foregoing Motion was served upon Plaintiff *pro se,* John Bohne, 34 Kenmare Way, Rehoboth Beach, DE 19971, by forwarding a copy of same via first class mail, postage prepaid.

/s/ Brigitte Duffy\_\_

4