UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN BOHNE, )
 )
       Plaintiff, )
 )
v. ) C. A. NO. 04CV10068WGY
 )
COMPUTER ASSOCIATES INTERNATIONAL, )
INC., )
 )
       Defendant. )

**DEFENDANT COMPUTER ASSOCIATES INTERNATIONAL, INC.'S
REPLY MEMORANDUM IN FURTHER SUPPORT
OF ITS MOTION IN LIMINE**

Defendant, Computer Associates International, Inc. ("CA" or "the Company"), hereby submits this Reply Memorandum in further Support of its Motion in Limine ("Reply"). In its Motion, CA argued that Plaintiff, John Bohne ("Bohne" or "Plaintiff"), should not be permitted to introduce evidence at trial relating to claims for severance and defamation of character because those claims have never been part of this case and are not legally viable.[1] In his opposition to CA's motion, Bohne presents three equally untenable arguments in support of his

---

[1] CA also moved to preclude the admission of evidence pertaining to pending criminal charges against former officers of CA, the Deferred Prosecution Agreement entered into by CA with the U.S. Attorney for the Eastern District of New York, and the Consent Decree entered into by CA with the U.S. Securities and Exchange Commission because the misconduct that led to the indictments of former CA officers and the Company's aforementioned agreement is wholly unrelated to any claims remaining in this action and, therefore, has no probative value. Plaintiff's opposition fails to establish any basis for permitting the admission of such prejudicial evidence. Bohne argues that CA and the officer involved in the decision to terminate his employment were (1) concerned that the overbooking of the First Allmerica deal, which Bohne caused and which led to his termination, would come to the attention of investigators, and (2) motivated by personal gain. As CA fully addressed in its Motion, Bohne has not and cannot establish any link between the misconduct of the officers and the Company and the decision to terminate his employment. Neither of these baseless allegations provide such a link. Accordingly, this prejudicial evidence must be excluded.

claims for severance and other damages related to his termination. First, he argues that his claim for severance fits within the type of damages recoverable under the theory of breach of the covenant of good faith and fair dealing because the severance is compensation for past services. Next, he argues that he is entitled to damages in the form of wages, commissions, and benefits through the date on which CA provided him with "written notice" that his employment was terminated. Finally, Bohne argues that damages related to the alleged defamation of his character is available under his breach of contract claim based on the Uniform Commercial Code ("UCC"). Because each of these arguments lacks merit, the motion in limine should be granted.

## ARGUMENT

### I.   Plaintiff Cannot Establish An Entitlement To Severance.

Bohne reasons that he may obtain severance under CA's Severance Plan if he prevails on his claim for breach of contract based on breach of the covenant of good faith and fair dealing because severance is a form of compensation for past services. Bohne cavalierly dismisses CA's arguments that the provisions of CA's Severance Plan restrict both the payment of severance to eligible individuals and require that the denial of severance be appealed pursuant to procedures set forth in the Plan. Bohne's simplistic argument fails for all the reasons set forth in CA's Motion in Limine. Most simply, however, Bohne's claim fails because the Plan's "Eligibility and Benefits" section, subsection G, establishes that his receipt of severance would be <u>contingent</u> on the execution of a severance, release, and non-competition agreement. Plan, p. 42. Bohne's pursuit of his claims against CA prevent him from satisfying this requirement. Accordingly, even assuming he could prevail on his claim for breach of the covenant of good faith and fair dealing, he cannot establish that he would have been eligible for severance under the Severance Plan upon which he bases his claim for severance.

2

## II. CA Did Not Need To Provide Bohne With Written Notice Of His Termination.

Next, Bohne argues that a jury may award him damages other than unpaid commissions because CA failed to provide him written notice that it was terminating his employment. Bohne appears to contend that he is entitled to back pay, commissions and benefits through the time a jury concludes CA terminated his employment in writing. Bohne's theory is rooted in his erroneous assertion that a contract for at will employment may only be terminated in writing. Bohne incorrectly cites Fortune v. National Cash Register Co., 373 Mass. 96, 347 N.E.2d 1251 (1977) for this misguided proposition. In Fortune, the plaintiff and employer had entered into a "written 'salesman's contract' which was terminable at will, without cause, by either party on written notice." Id., at 97; see also Id. at 101 ("[i]t is clear the contract itself reserved to the parties an explicit power to terminate . . . on written notice"). Bohne does not assert (because he cannot) that he and CA agreed that his employment at will could only be terminated in writing.[2] Because there was no requirement for CA to terminate his employment in writing, Bohne's theory that he is entitled to back pay damages because CA did not effectively terminate his employment on August 19, 2002 simply fails.

## III. The UCC Provision Bohne Cites Is Not Applicable.

Next, Bohne appears to drop his claim for defamation, and, instead, argues that the type of damages he could obtain for defamation of character are available under his breach of contract claim by virtue of UCC provisions apparently found at Mass. G. L. c. 106, §§ 2-703, 2-708.

---

[2] The Fiscal Year 2003 Wealth Enabling Plan ("WEP") Letter that Bohne received in 2002, reaffirms that Bohne's employment is at will and may be terminated at any time. It does not state that termination must be made in writing. (See Tab A, Bates No. CA 1329. A complete copy the WEP letter was attached as Exhibit 4 to CA's motion for summary judgment and filed under seal because it contains confidential information. To avoid the need for filing another motion to impound, for purposes of this motion, CA attaches the relevant excerpts from a redacted copy of the WEP letter.)

Section 2-703, which is part of UCC Article Two governing the sale of goods, addresses a seller's remedies in the event of a breach of contract. Section 2-708 addresses a seller's damages for non-acceptance or repudiation. Obviously, neither of these provisions is applicable to this case which has nothing to do with the sale of goods. Further, nothing about the language in these provisions suggests that damages for breach of the covenant of good faith and fair dealing at issue here would lead to broader damages than for unpaid commissions.[3]

### Conclusion

Wherefore, CA respectfully requests that the Court grant its Motion in Limine.

Respectfully submitted,

DEFENDANT,
COMPUTER ASSOCIATES
INTERNATIONAL, INC.,
By its attorneys,


/s/ Brigitte Duffy
Brigitte Duffy (BBO # 565724)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Telecopier:    (617) 946-4801

Dated: December 19, 2005

---

[3] Notably, in Fortune, the Court held that a claim for breach of the covenant of good faith and fair dealing is rooted in contract, not in tort. Accordingly, the type of damages available for a tort claim such as defamation would not be available even if Bohne prevailed on the breach of the covenant of good faith and fair dealing claim.

CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2005, the foregoing Motion was served upon Plaintiff *pro se,* John Bohne, 34 Kenmare Way, Rehoboth Beach, DE 19971, by forwarding a copy of same via first class mail, postage prepaid.

/s/ Brigitte Duffy

**TAB A**

CONFIDENTIAL

**Computer Associates International**



Fiscal Year 2003 Wealth Enabling Plan

*John Bohne*

**MF Sales Executive Wealth Enabling Plan Overview**

Your FY 2003 WEP effective April 1, 2002 comprises a commission target and a quarterly consistency bonus. There are a few changes in the implementation of quota crediting, commission rates and payout. The aspects of your plan are outlined in the descriptive sheet below, accompanying rate sheet and the fiscal year 2003 Sales Compensation Plan.

**Explanation of Commission Quotas and Rates:**

- **Rate Structure:** Under the FY03 WEP, your commission structure has annually based

REDACTED

- **New Product Quota:**

- **Time and Capacity (T&C) Quota:** 

- **Service and Education Sales:** be awarded at your base time re

REDACTED

**Explanation of Sales Contract Types:** With two types of contracts, you can seed and harvest in FY03.

- **Subscription Sales (H0 Contracts):**

REDACTED

CA 1326

CONFIDENTIAL

| Subscription of 25,000.00 USD or greater booking value and sold without requisite service and education | • Credited and Commissioned on a month to month basis up to end of fiscal year, provided customer satisfaction is verified; commissioned at applicable New Product rate | First monthly payment is upfront. Once customer satisfaction is verified all subsequent payments can be released |
|---|---|---|

**Consistency Bonus:**

| Quarter | % Quarterly Sales Requirement | Bonus Amount |
|---|---|---|
| Q1 | $▇▇▇ | $▇▇▇ |
| Q2 | $▇▇▇ | $▇▇▇ |
| Q3 | $▇▇▇ | $▇▇▇ |
| Q4 | $▇▇▇ | $▇▇▇ |
| Bonus if all quarters are met | | $▇▇▇ |

1 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

2 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ will be paid ▇▇▇▇▇▇▇▇▇▇ revenue stream ▇▇▇▇▇▇▇▇▇▇▇ is ▇▇▇▇▇▇▇▇▇▇▇▇▇m.



The Wealth Enabling Plan Letter should be read in conjunction with the fiscal year 2003 Sales Compensation Plan (Rules of Engagement included) which can be accessed at:

**FY2003 Sales Plan**

By clicking 'accept' below, I acknowledge receipt of the Fiscal Year 2003 Computer Associates Sales Compensation Plan ('Sales Plan') as well as my individual Wealth Enabling Plan Letter ('WEP letter'). I agree to adhere to the guidelines and other terms and conditions set forth in both documents. By clicking 'accept' below, I confirm my understanding and agreement that:

1. I will keep the terms of the Sales Plan and WEP letter confidential and return any copies I may have made of these documents after the expiration of the Sales Plan year or upon the termination of my employment with CA for any reason. I have also read and fully understand and agree to comply with the Information Disclosure Policy of CA as set forth in Appendix A of the Sales Plan.

2. This Sales Plan and my fiscal year 2003 WEP letter were adopted at the discretion of CA. I understand that neither the Sales Plan nor the WEP letter are contracts or guarantees of employment for any period of time. I acknowledge and agree that my employment status is 'at will' meaning that either CA or I may terminate the employment relationship at any time for any reason. Finally, I understand and agree that CA may alter the terms of the Sales Plan and/or WEP letter from time to time and that I will be bound by the terms of any such amendments.

3. All Commissions to be paid to me will constitute Advances to me, which are in the nature of a loan and which I may become obligated to repay to CA in accordance with the terms and conditions of the Sales Plan. I authorize CA to withhold (back off) all sums which I owe to CA on account of advances that were made to me under the terms of the Sales Plan. I understand and agree that these withholdings for amounts I owe to CA will be made in the form of back-offs

CONFIDENTIAL

against subsequent commissions that I may earn. By clicking 'accept' below, I hereby authorize these withholdings (back-offs). I further understand and agree that if my employment terminates, and I still owe money to CA on account of advances (loans) that were made by CA to me, that I will immediately repay CA any amounts due and owing.

® 2002 Computer Associates International, Inc. CA Confidential and Proprietary Information; for Authorized CA Internal Use Only. No copying, distribution or other dissemination of the information herein without CA's express authorization.

04/01/02 N/A - Dir - MFSE
Comp Plan template ID = 8,DIRMFSE,4,2

CA 1330