**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| John P. Bohne,<br>                Plaintiff,<br><br>v.<br><br>Computer Associates<br>International, Inc.,<br>                Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C.A. No.04CV10068WGY

**PLAINTIFF JOHN P. BOHNE'S MOTION FOR LEAVE TO FILE A REPLY TO DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION IN LIMINE**

Pursuant to Fed. R. Civ. P. 7.1(B)(3), the Plaintiff, John Bohne, hereby requests leave to file a Reply to the Defendants reply to  the Plaintiff's Reply to Defendants Motion in Limine.

1.    The Defendant incorrectly states that there was no Employment Agreement that required written notification of Termination of Employment (The court should refer to Document 30, page 9-11).

**2.**    The Computer Associates International Employment and Confidentiality Agreement signed by both parties April 16, 1992 specifically states that all notices due under this agreement **"(ii) in writing and sent by registered mail, postage prepaid, to the**

1

Employees residence or, in the case of the Company, to the

Company's Principle Office."

3.      The Defendant incorrectly states the nature of the Damage and the

Applicability of the law relating to such damages".

## Conclusion

The Plaintiff will respond to the Defendant's Opposition and provide this Court,
support for its motion. This response will be provided Five (5) business days after the
Court's ruling.

Respectfully Submitted

John P. Bohne
34 Kenmare Way
Rehoboth Beach, DE 19971
(302) 227-6405
(302) 448-0993 (mobile)

Dated This Day: 12/20/05

To:

Brigitte M. Duffy, Esq.
Seyfarth Shaw
Two Seaport Lane, Suite 300
Boston, MA 02210

### CERTIFICATION

I herby certify that the foregoing Reply was served upon Defendant's counsel of
record above, this day  _Dec 20, 2005_ via First Class Mail, Postage prepaid

2

ADDENDUM B

# COMPUTER ASSOCIATES INTERNATIONAL, INC.
# EMPLOYMENT AND CONFIDENTIALITY AGREEMENT

In consideration of employment by Computer Associates International, Inc. (the "Company") of the undersigned employee ("Employee"), it is understood and agreed as follows:

1. **Employee Work Standards.** Employee will (a) serve the Company (and such of its subsidiary or parent companies as the Company may designate) faithfully, diligently and to the best of Employee's ability under the direction of the officers of the Company, (b) in the course of employment, devote his or her best efforts and substantially his or her entire time, attention and energy to the performance of his or her duties to the Company and (c) not do anything inconsistent with Employee's duties to the Company.

2. **Laws; Other Agreements.** Employee represents that Employee's employment by the Company will not violate any law or duty by which he or she is bound, and will not conflict with or violate any agreement or instrument to which Employee is a party or by which he or she is bound.

3. **Confidential Informations of Others.** Employee agrees that in the course of employment with the Company he or she will not bring to the Company's offices nor use, disclose to the Company, or induce the Company to use, any confidential information or documents belonging to others.

4. **Confidential Information of the Company.** As used in this Agreement, the term "Confidential Information" means any and all confidential, proprietary or secret information, including that conceived or developed by Employee, applicable to or in any way related to (i) the present or future business of the Company, (ii) the research and development of the Company, or (iii) the business of any customer or vendor of the Company. Such Confidential Information of the Company includes, by way of example and *without limitation*, trade secrets, processes, formulas, data, program documentation, algorithms, source codes, object codes, know-how, improvements, inventions, techniques, all plans or strategies for marketing, development and pricing, and all information concerning existing or potential customers or vendors. Confidential Information of the Company also includes all similar information disclosed to the Company by other persons.

5. **Protection of the Company's Confidential Information.** Employee acknowledges that the Confidential Information of the Company is a special, valuable, and unique asset of the Company, and Employee agrees at all times during the period of his or her employment, and at all times after termination of such employment, not to disclose for any purpose and to keep in strict confidence and trust all of such Confidential Information. Employee agrees during and after the period of such employment not to use, directly or indirectly, any Confidential Information other than in the course of performing duties as an employee of the Company, nor will Employee directly or indirectly disclose any Confidential Information or anything relating to it to any person or entity except, with the Company's consent, as may be necessary to the performance of Employee's duties as an employee of the Company. Employee will abide by Company policies and rules established from time to time by it for the protection of its Confidential Information.

6. **Return of Materials.** Upon termination of employment with the Company, and regardless of the reason for such termination, Employee will leave with, or promptly return to, the Company all documents, records, notebooks, magnetic tapes, disks or other materials, including all copies, in his or her possession or control which contain Confidential Information of the Company or any other information concerning the Company, its products, services or customers, whether prepared by the Employee or others.

7. **Inventions as Sole Property of the Company.** Any inventions, discoveries, concepts or ideas, or expressions thereof, whether or not subject to patents, copyrights, trademarks or service mark protections, and whether or not reduced to practice, conceived or developed by Employee while employed with the Company or within one year following termination of such employment which relate to or result from the actual or anticipated business, work, research or investigation of the Company or which are suggested by or result from any task assigned to or performed by Employee for the Company shall be the sole and exclusive property of the Company. Employee will do all things reasonably requested by the Company to assign to and vest in the Company the entire right, title and interest in any such inventions, discoveries, concepts, ideas or expressions thereof.

© 1991 Computer Associates International, Inc.

CA 0203

**14. List of Prior Inventions.** All inventions which Employee has made prior to employment by the Company are excluded from the scope of this Agreement. As a matter of record, Employee has set forth on *Exhibit A* hereto a complete list of inventions, discoveries, or improvements which might relate to the Company's business and which have been made by Employee prior to employment with the Company. Employee represents that such list is complete.

**15. No Duration of Employment.** The Company and Employee each acknowledge and agree that Employee's employment with the Company is not for any duration and that such employment may be terminated by either the Company or Employee at any time and for any reason, with or without cause.

**16. General.**
a. If the Company is successful in a suit or proceeding to enforce this Agreement, Employee will pay the Company's costs of bringing such suit or proceeding, including attorney's fees.
b. Any notice required or permitted to be given under this Agreement shall be made either
(i) by personal delivery to Employee or, in the case of the Company, to the Company's principal office ("Principal Office") located at 711 Stewart Avenue, Garden City, New York 11530, Attention: Manager of Personnel, or
(ii) in writing and sent by registered mail, postage prepaid, to Employee's residence or, in the case of the Company, to the Company's Principal Office.
c. This Agreement shall be binding upon Employee and his or her heirs, executors, assigns, and administrators and shall inure to the benefit of the Company, its successors and assigns and any subsidiary or parent of the Company.
d. This Agreement shall be governed by and construed in accordance with the laws of the State of New York.
e. This Agreement represents the entire agreement between Employee and the Company and supersedes any and all previous oral or written communications, representations or agreements. This Agreement may be modified only by a duly authorized and executed writing.

EMPLOYEE

_____
Signature

John P. Bohne
_____
Typed or Printed Name

April 16, 1992
_____
Date

COMPUTER ASSOCIATES INTERNATIONAL, INC.

By _____

Title _____

_____
Date

CAUTION TO EMPLOYEE: This Agreement affects important rights. DO NOT sign it unless you have read it carefully and are satisfied that you understand it completely.

CA 0204

# EXHIBIT A
## TO
## EMPLOYMENT AND CONFIDENTIALITY AGREEMENT

I represent that I have disclosed on this Exhibit all inventions, ideas, writings or computer programs in which I have any right or interest. I agree that any present or future patent, idea, copyright, writing or computer program not listed in this Appendix is subject to assignment and vesting under Paragraph 7 of the attached Computer Associates Employment and Confidentiality Agreement. I further agree that under no circumstances will I incorporate in any work that I perform for the Company any of the ideas, programs and/or writings I have disclosed on this Exhibit without prior written consent of the Company.

**Brief Description of Invention, Idea, Writing or Computer Program**

**Right, Title or Interest and Date Acquired**

April 16, 1992

Date

Employee Signature

CA 0205

US0000EN