**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| John P. Bohne, ) Plaintiff, ) ) v. ) ) Computer Associates ) International, Inc., ) Defendant. ) | C.A. No.04CV10068WGY |

## REPLY TO DEFENDANT COMPUTER ASSOCIATES INTERNATIONAL INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, MOTION FOR NEW TRIAL

Plaintiff John P. Bohne respectfully requests that the Court reject the subject motion. As grounds for this reply, the Plaintiff offers the following:

(1) The Defendant, Computer Associates Motion described above should be rejected by the Court as Time Bared. The subject motion according to Federal Rules of Civil Procedure, Rule 59, must be filed no later than 10 days after entry of Judgment. Service for this motion must accompany the filing of the motion. The Defendant failed to comply with the provisions of Rule 5 of the Federal

Rules of Civil Procedure by not providing service of the motion to the Plaintiff as required.

(2) The jury clearly found for the Plaintiff in the mater of the issues before them, finding that the procedures of the Defendant Computer Associates International, Inc. (Defendant) violated the principles of the covenant of good faith and fair dealing.

(3) Although silent on the issue of the Defendant's bad faith, the jury ***did not find for*** the Defendant on that issue nor did they come forward to question the Courts instructions in that regard, as was their right, leading the Court to believe that the overwhelming evidence in this case supported the fact that the policy of the Defendant violated the principles the covenant of good faith and fair dealing.

## BACKGROUND

The claim as put before the jury was clearly explained in the instructions to them by the Court. The jury's obligation was to pass judgment on the issue of a breach of contract – covenant of good faith and fair dealing and that is exactly what the jury determined in this case. The jury found that the preponderance of evidence supported the fact that, even though the Defendant had a current policy

reflecting certain rights, those rights, in and of themselves violated the basic principles of a contract and the provisions that allowed the Defendant to pay commission to a Sales Executive that they chose not to terminate and not to pay commission to one that they did terminate, was an *Unconscionable contract or Clause,* thus allowing the Court to strike down the entire agreement or only a portion of that agreement. And that is how the jury ruled.

## LEGAL ARGUMENT

The Defendant has argued that the Computer Associates International, Inc. Sales Compensation Plan (Plan) represents a contract that was agreed to by the Plaintiff. The Defendant fails to recognize the fact that the Plan itself was a set of principles and guidelines that were incorporated into the Computer Associates International, Inc. Employment Agreement (Employment Agreement) and were subject to change each year. The Plan was presented to the Sales Executive without opportunity to change or modify any of the terms. The failure of a Sales Executive to agree to the terms resulted in the Defendant withholding commissions that were due under the Plan. This represented a *contract of adhesion.* As such, the Court appropriately instructed the jury that it had a right

to strike down, as unfair, certain provisions of that agreement and did not violate the parties' right to contract.

The Defendant continues to argue that no commission was earned and cites Michelson v. Digital Financial Services, 167 F.3d 715,725, Sargent v. Tenaska, Inc., 108 F.3d 5 (C.A.1 (Mass.), 1996 and Mullowney v. Data General Corp., 143 F.3d 1081 (C.A.7 (Ill.), 1998 as case law examples. The Court should take note on the significant difference in these cases and the case before it. In each of the cases cited by the Defense, the expectation was future commission earnings or expected earnings. In each case, the sales had not been completed at the time of the termination. In the case before this Court, the sale was completed upon the acceptance of the License Agreement by the Defendant, subject only to the reasonable expectation that the agreement would not be materially breached by the parties. The Defendant has not provided any evidence to support a claim that there was a breach of the agreement, and in fact as admitted that payments (a material part of the Agreement) were made to their satisfaction. Therefore, the Commission was earned on July 31, 2002 for a sale completed on July 31, 2002, and should have been paid on August 31, 2002 as was detailed in the Plan. The actions of the Defendant to terminate the Employment Agreement should not in any way affect the Defendant's responsibility to fulfill obligations that occurred prior to that termination.

## CONCLUSION

For the forgoing reasons this Court should reject the motions before it and let the Judgment stand.

Respectfully Submitted

*[signature]*

John P. Bohne
34 Kenmare Way
Rehoboth Beach, DE 19971
(302) 227-6405
(302) 448-0993 (mobile)

Dated This Day: Feb 6, 2006

To:

Brigitte M. Duffy, Esq.
Seyfarth Shaw
Two Seaport Lane, Suite 300
Boston, MA 02210

### CERTIFICATION

I herby certify that the foregoing Reply was served upon Defendant's counsel of record above, this day Feb 6, 2006 via United States Postal Service Express Mail.