UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN P. BOHNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. NO.  04CV10068WGY |
| | ) |
| COMPUTER ASSOCIATES INTERNATIONAL, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT COMPUTER ASSOCIATES INTERNATIONAL, INC.'S
REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS
MOTION FOR JUDGMENT AS A MATTER OF LAW OR,
IN THE ALTERNATIVE, FOR A NEW TRIAL**

On February 2, 2002, Defendant Computer Associates International, Inc. ("CA") served and filed a motion pursuant to Rule 50(b) of the Federal Rules of Civil Procedure for judgment as a matter of law or, in the alternative, for a new trial pursuant to Rule 59.  In his opposition, Plaintiff John Bohne ("Plaintiff") argues that the motion should be denied because CA failed to file its motion timely and failed to serve it in compliance with Rule 5.  Both arguments fail and the motion should be granted for the reasons set forth in CA's accompanying memorandum.

**A.     The Motion Was Timely Filed.**

Plaintiff correctly points out that Rule 59 of the Federal Rules of Civil Procedure requires that motions for new trial be filed "no later than 10 days after entry of the judgment."  Rule 6, however, provides that, "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."  In this instance, the Court entered judgment on Thursday, January 19, 2006.  Excluding weekends, which fell on January 21 and 22 and January 28 and 29, the ten-day period included February 2,

2006, the date on which CA filed its motion. Accordingly, the motion was timely filed and cannot be denied on that basis.

**B.     Plaintiff Received the Motion.**

Next, Plaintiff argues that the motion should be denied because CA "failed to comply with the provisions of Rule 5 of the Federal Rules of Civil Procedure by not providing service of the motion to the Plaintiff as required." While Plaintiff fails to specify the factual basis for his assertion, he does not, and cannot, claim that he did not receive the motion.[1]

Consistent with Rule 60 of the Federal Rules of Civil Procedure, deficiencies in the method of service are harmless error when the party asserting deficient service had actual knowledge of the filing and suffered no prejudice. See Rule 60 ("[t]he court at every stage . . . must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties"); see also Richardson v. Downing, 209 F.R.D. 283, 284 (D. Mass. 2002) (finding no prejudice where corporate defendant was improperly served with summons and complaint because defendant had notice of the action); Racine v. P.M. & P. Co., Inc., 1980 U.S. Dist. LEXIS 11627, *4 (D. Mass. June 2, 1980) (finding no prejudice even though service did not comply with letter of the federal rule) (copy attached). In this instance, Plaintiff received the motion expeditiously – via email on the day CA filed it – and drafted his opposition within four days of its filing. Plaintiff does not claim that CA's alleged, but unidentified, non-compliance prejudiced him in any way. In fact, the evidence is to the contrary. The Court issued an order setting a deadline of February 16, 2006 for filing his opposition and February 24, 2006 for reply briefs. Nonetheless, Plaintiff chose to file his opposition on February 6, 2006. Clearly, Plaintiff

---

[1] CA's counsel served the motion on Plaintiff by email on February 2, 2006 and instructed a secretary of the firm to send the papers by mail as well. See Affidavit of Jennifer A. Serafyn, filed concurrently with this memorandum.

received the motion in a timely manner, had ample time to prepare his opposition and chose to serve it ten days before it was due. Given these circumstances, any alleged deficiency in service was harmless and fails to provide a basis for denying the motion.

## CONCLUSION

For the foregoing reasons, Defendant CA respectfully requests that this Court grant its motion for judgment as a matter of law or, in the alternative, for a new trial.

Respectfully submitted,

DEFENDANT,

COMPUTER ASSOCIATES
INTERNATIONAL, INC.,

By its attorneys,

/s/ Brigitte Duffy
Brigitte M. Duffy (BBO # 565724)
bduffy@seyfarth.com
Jennifer A. Serafyn (BBO # 653739)
jserafyn@seyfarth.com
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Facsimile:    (617) 946-4801

Date: February 24, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper will be sent to those indicated as not registered participants on February 24, 2006.

/s/ Brigitte Duffy

- 3 -