**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| John P. Bohne,<br>     Plaintiff,<br><br>v.<br><br>Computer Associates<br>International, Inc.,<br>     Defendant. | C.A. No.04CV10068WGY |

## MOTION TO DISALLOW THE MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, MOTION FOR NEW TRIAL

Plaintiff John P. Bohne respectfully requests that the Court reject the subject motion. As grounds for this Motion, the Plaintiff offers the following:

(1) The Defendant, Computer Associates Motion described above should be rejected by the Court based on the following:

    (a) Insufficiency of process,

    (b) Insufficiency of service of process.

The Defendant's Attorney failed to make service as prescribed in the Federal Rule 5 (b)[1]. The Plaintiff has never agreed to electronic delivery and further, Email is not covered by this rule as an approved electronic means for delivery. The Defendant has, as their own attachment (exhibit A), provided the court with the documented facts that the Plaintiff was not included in the Courts electronic delivery system and was to be served by mail or other approved means.

(2.) The Certificate of Service as required by Local Rule 5.2 (b) as attached to the Defendants Motion falsely stated that Service had been made by mail as is required by Federal Rule 5(b) and therefore the Motion should

---

[1] Federal Rule 5 (b) reads as follows:

"(b) Making Service.

(1) Service under Rules 5(a) and 77(d) on a party represented by an attorney is made on the attorney unless the court orders service on the party.

(2) Service under Rule 5(a) is made by:

(A) Delivering a copy to the person served by:

(i) handing it to the person;

(ii) leaving it at the person's office with a clerk or other person in charge, or if no one is in charge leaving it in a conspicuous place in the office; or

(iii) if the person has no office or the office is closed, leaving it at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

(B) Mailing a copy to the last known address of the person served. Service by mail is complete on mailing.

(C) If the person served has no known address, leaving a copy with the clerk of the court.

(D) Delivering a copy by any other means, including electronic means, consented to in writing by the person served. Service by electronic means is complete on transmission; service by other consented means is complete when the person making service delivers the copy to the agency designated to make delivery. If authorized by local rule, a party may make service under this subparagraph (D) through the court's transmission facilities."

not have been accepted by the Clerk of the Court until service was performed. This would require the Defendant to file the Motion at a later date and the Motion would then be Time Bared. An argument by the Defendant's Attorney, that this was a clerical error should not be considered by the court since the error, as certified by the Attorney, was not made by that Attorney.

Respecfully Submitted

John P. Bohne
34 Kenmare Way
Rehoboth Beach, DE 19971
(302) 227-6405
(302) 448-0993 (mobile)

Dated This Day: Mar 2, 2006

To:

Brigitte M. Duffy, Esq.
Seyfarth Shaw
Two Seaport Lane, Suite 300
Boston, MA 02210

## CERTIFICATION

I herby certify that the foregoing was served upon Defendant's counsel of record above, this day Mar 2, 2006 via delivery by hand.

3