UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN BOHNE,<br><br>   Plaintiff,<br><br>v.<br><br>COMPUTER ASSOCIATES INTERNATIONAL, INC.,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>) C. A. NO. 04CV10068WGY<br>)<br>)<br>)<br>)<br>)<br>) |

## **DEFENDANT'S REQUEST FOR JURY INSTRUCTIONS**

Defendant Computer Associates International, Inc. hereby requests, pursuant to Fed. R. Civ. P. 51(a), that the Court instruct the jury as set forth below.

Captions and citations are provided for the convenience of the Court, and are not part of the requested instructions. Defendant reserves the right to amend and/or supplement these requests during or at the conclusion of the trial.

                Respectfully submitted,

                COMPUTER ASSOCIATES
                INTERNATIONAL, INC.,
                By its attorneys,

                /s/ Brigitte M. Duffy
                Brigitte M. Duffy (BBO # 565724)
                bduffy@seyfarth.com
                Jennifer A. Serafyn (BBO # 653739)
                jserafyn@seyfarth.com
                SEYFARTH SHAW LLP
                World Trade Center East
                Two Seaport Lane, Suite 300
                Boston, MA 02210-2028
                Telephone: (617) 946-4800
Dated: January 19, 2006         Facsimile: (617) 946-4801

## Defendant's Proposed Jury Instructions

### Contents

Requested Jury Instruction No. 1    Corporate Defendant

Requested Jury Instruction No. 2    Pro Se Plaintiff

Requested Jury Instruction No. 3    Breach of Contract: At-Will Employment

Requested Jury Instruction No. 4    Breach of Contract: Implied Covenant of Good Faith and Fair Dealing

Requested Jury Instruction No. 5    Bad Faith

Requested Jury Instruction No. 6    An Employer Is Entitled To Make Its Own Policy and Business Judgments

Requested Jury Instruction No. 7    Damages

Requested Jury Instruction No. 8    Breach of Contract: Damages Not Speculative

Requested Jury Instruction No. 9    Court Costs and Attorneys' Fees

Requested Jury Instruction No. 10   Interest

## REQUESTED INSTRUCTION NO. 1
### (Corporate Defendant)

You should consider and decide this case as a dispute between persons of equal standing in the community and of equal worth. The size of Computer Associates and its corporate status has no place in this trial. A corporation is entitled to the same fair trial at your hands as a private individual. All persons, including individuals and corporations, stand equal before the law and are to be treated as equals in a court of law.

**Sources:**   Kevin F. O'Malley, et al., 3 Federal Jury Practice and Instructions, § 103.12 (5th ed. West 2000).
Universal Adjustment Corp. v. Midland Bank, Ltd., of London, 281 Mass. 303, 320 (1933) ("Equal protection of the law in its constitutional sense implies that all litigants similarly situated may appeal to the courts both for relief and for defense under like conditions and with like protection and without discrimination").

To be given:_____
To be given in substance:_____
To be given as modified:_____
Refused:_____

## REQUESTED INSTRUCTION NO. 2
### (Pro Se Plaintiff)

The plaintiff, Mr. Bohne, has decided to represent himself in this trial, and not to use a lawyer. He has a perfect right to do that. His decision has no bearing on this case and should not affect your consideration of this case.

**Sources:**

1 Model Jury Instructions For Use In The District Courts, § 2.024 (MCLE 2003).
Federal Judicial Center, Pattern Criminal Jury Instructions, § 6 (1983).

To be given:_____
To be given in substance:_____
To be given as modified:_____
Refused:_____

## REQUESTED INSTRUCTION NO. 3
## (Breach of Contract: At-Will Employment)

Under Massachusetts law, in the absence of a specific contract, every employment relationship is "at will." The parties agree that Mr. Bohne did not have a contract promising employment with Computer Associates for any particular length of time; accordingly, he was employed "at-will." This means that Mr. Bohne was free to terminate his employment relationship with Computer Associates at any time. Similarly, Computer Associates also was entitled to terminate Mr. Bohne's employment for any reason or for no reason, provided only that the reason was not otherwise prohibited by law.

**Sources:** Jackson v. Action for Boston Community Development, 403 Mass. 8 (1988); Maddaloni v. Western Mass. Bus Lines, Inc., 386 Mass. 877 (1982); Fortune v. National Cash Register Co., 373 Mass. 96, 100-01 (1977).

To be given: _____
To be given in substance: _____
To be given as modified: _____
Refused: _____

5

## REQUESTED INSTRUCTION NO. 4
## (Breach of Contract: Implied Covenant of Good Faith and Fair Dealing)

In Massachusetts, there is an implied covenant of good faith and fair dealing between the parties to a contract, even in an at-will employment contract. The implied covenant of good faith and fair dealing means that neither party may do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.

An employer violates the obligation of good faith and fair dealing implied in an at-will employment contract if the employer (1) acts without good cause and in bad faith (2) to deprive the employee of compensation that is clearly related to the employee's past service. Therefore, to prove breach of the implied covenant of good faith and fair dealing, Mr. Bohne must prove that Computer Associates engaged in conduct without good cause and in bad faith in order to deprive him of commissions that he earned for work already performed.

**Sources:** Brady, Butler, Mirick et al., Massachusetts Superior Court Civil Practice Jury Instructions, § 14.1.12 (2001).
Greaney, Tuoni, Moriarty & Robertson, Mass. Jury Instructions - Civil, § 2.17 (1999).
Fortune v. Nat'l Cash Register Co., 373 Mass. 96, 105 (1977).
Kerrigan v. Boston, 361 Mass. 24, 33 (1972).
37 J. Nolan, Massachusetts Practice, Tort Law, § 11 at 10 (1979).
Michelson v. Digital Financial Services, 167 F.3d 715, 726 (1st Cir. 1999).
Joyal v. Hasbro, Inc., 380 F.3d 14, 20 (1st Cir. 2004) (citing Gram v. Liberty Mut. Ins. Co., 384 Mass. 659 (1981)).
Sargent v. Tenaska, Inc., 108 F.3d 5, 7 (1st Cir. 1997) ("[o]ne condition [for recovery of unpaid commissions] is that the discharge have been done in bad faith").
Cort v. Bristol-Meyers Co., 385 Mass. 300, 304 (1982).

To be given: _____
To be given in substance: _____
To be given as modified: _____
Refused: _____

6

## REQUESTED INSTRUCTION NO. 5
### (Bad Faith)

To determine whether Computer Associates acted in bad faith, you must decide whether it (1) terminated Mr. Bohne's employment to deprive him from collecting commissions that he had earned on the National Grid deal, or (2) it interfered with the application of its Compensation Plan by taking some action after Mr. Bohne's termination to prevent him from collecting commissions that he had earned on the National Grid deal.

**Sources:**  Joyal v. Hasbro, Inc., 380 F.3d 14, 20 (1st Cir. 2004) (citing Gram v. Liberty Mut. Ins. Co., 384 Mass. 659 (1981)).
Druker v. Roland Wm. Jutras Associates, Inc., 370 Mass. 383, 385 (1976).
Fortune v. Nat'l Cash Register Co., 373 Mass. 96, 100-01 (1977).

To be given: _____
To be given in substance: _____
To be given as modified: _____
Refused: _____

7

# REQUESTED INSTRUCTION NO. 6
## (An Employer Is Entitled To Make Its Own Policy and Business Judgments)

An employer does not act in bad faith simply because it is motivated by its own legitimate business interests. There are, of course, many ways in which an employer might treat an employee in a manner that you might consider unfair or improper. You should keep in mind that your focus should be Computer Associates' motives when it decided to terminate Mr. Bohne's employment and its motives after Mr. Bohne was terminated.

Remember that Computer Associates does not have to show that it made a correct business decision with which you agree. You might conclude that the reason Computer Associates discharged Mr. Bohne was unsound or even absurd, but if that reason was not to deprive Mr. Bohne of commissions that he already earned, then Mr. Bohne cannot prevail. It is not the role of the jury to sit as a personnel committee, judging the fairness of Computer Associates' personnel practices.

You may even believe that Computer Associates' course of action after Mr. Bohne's employment was terminated was poor or erroneous or mistaken, but if it was not done to deprive Mr. Bohne of commissions that he already earned, then Computer Associates' conduct is permissible.

**Sources:**   Trent Partners and Assocs., Inc. v. Digital Equipment Corp., 120 F. Supp. 2d 84, 102 (D. Mass. 1999) (citing Fortune v. Nat'l Cash Register Co., 373 Mass. at 101-02)).
Ventresco v. Liberty Mut. Ins. Co., 55 Mass. App. Ct. 201 (2002).
Tate v. Dep. of Mental Health, 419 Mass. 356, 363 (1995) ("The employer's reasons for its decision to terminate may be unsound or even absurd, but if they are not discriminating and if the plaintiff does not prove they are pretexts, the plaintiff cannot prevail").

To be given: _____
To be given in substance: _____
To be given as modified: _____
Refused: _____

## REQUESTED INSTRUCTION NO. 7
### (Damages)

Now I will instruct you on the law of damages as it applies to Mr. Bohne's claim. My charge to you on the law of damages must not be taken as an indication that you should find for Mr. Bohne. It is for you to decide on the evidence presented and the rules of law I have given you whether Mr. Bohne is entitled to recover from Computer Associates. Mr. Bohne is entitled to recover damages only if you have determined that he has proven, by a fair preponderance of the evidence, that Computer Associates either (1) terminated Mr. Bohne's employment to deprive him from collecting commissions that he had earned on the National Grid deal, or (2) it interfered with the application of its Compensation Plan by taking some action after Mr. Bohne's termination to prevent him from collecting commissions that he had earned on the National Grid deal.

If you decide he is not entitled to recover commissions on the National Grid deal, you need go no further; your verdict will be for Computer Associates. If you decide that Mr. Bohne is entitled to recover commissions on the National Grid deal, then – but only then – will you consider the measure of damages. You must then decide the amount of Mr. Bohne's commissions for the National Grid deal, if any, caused by the breach. Your award must be to compensate Mr. Bohne, and not to punish Computer Associates.

In determining damages, if you have occasion to do so, you must not allow yourselves to be influenced by passion, prejudice, or sympathy for any party. You must base your award solely on a fair and impartial consideration of all the evidence.

**Source:**   Massachusetts Jury Instructions: Civil, § 19.1 (Michie, 1997).
Brady, Butler, Mirick et al., Massachusetts Superior Court Civil Practice Jury Instructions, §§ 14.3.1, 14.3.1(a), 14.3.1(b) (2001).

9

Greaney, Tuoni, Moriarty & Robertson, Mass. Jury Instructions - Civil, §§ 2.26, 19.2 (1999).
Lease-It, Inc. v. Massachusetts Port Auth., 33 Mass. App. Ct. 391, 397 (1992).
David J. Tierney, Jr., Inc. v. T. Wellington Carpets, Inc., 8 Mass. App. Ct. 237, 239 (1979).
Kobayashi v. Orion Ventures, Inc., 42 Mass. App. Ct. 492, further app. rev. denied, 425 Mass. 1102 (1997).
Fernandes v. Union Bookbinding Co., 400 Mass. 27, 37–38 (1987).
Sackett v. St. Mary's Church Soc'y, 18 Mass. App. Ct. 186 (1984).
John Hetherington & Sons, Ltd. v. William Firth Co., 210 Mass. 8 (1911).
Productora E Importadora De Papel v. Fleming, 376 Mass. 826 (1978).
White Spot Constr. Co. v. Jetspray Cooler, Inc., 344 Mass. 632, 635 (1962).
3 O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 126.64 (5th ed. 1987).

To be given:_____
To be given in substance:_____
To be given as modified:_____
Refused:_____

## REQUESTED INSTRUCTION NO. 8
### (Breach of Contract: Damages Not Speculative)

Damages must be proved with a reasonable degree of certainty. Thus, damages cannot be speculative. Any damages that Mr. Bohne claims to have suffered are for loss of commission on the National Grid deal only and must be computed by rational methods upon a firm factual basis. Therefore, any damages sought must be proven and not left to speculation.

**Sources:**   Brady, Butler, Mirick *et al.*, Massachusetts Superior Court Civil Practice Jury Instructions, § 14.3.1(l) (2001).
Rombola v. Cosindas, 351 Mass. 382 (1966).
Lufkin's Real Estate, Inc. v. Aseph, 349 Mass. 343, 346 (1965).
Snelling & Snelling of Mass., Inc. v. Wall, 345 Mass. 634, 635–36 (1963).
Whitespot Constr. Corp. v. Jetspray Cooler, Inc., 344 Mass. 632, 635 (1962).
Bond Pharmacy, Inc. v. City of Cambridge, 338 Mass. 488 (1959).
John Hetherington & Sons, Ltd. v. William Firth, Co., 210 Mass. 8, 21–22 (1911).
Novel Iron Works, Inc. v. Wexler Constr. Co., 26 Mass. App. Ct. 401, 412 (1988).
Gilmore v. Century Bank & Trust Co., 20 Mass. App. Ct. 49 (1985).

To be given: _____
To be given in substance: _____
To be given as modified: _____
Refused: _____

11

## REQUESTED INSTRUCTION NO. 9
### (Court Costs and Attorneys' Fees)

If you determine that Mr. Bohne is entitled to damages on his claims for breach of the covenant of good faith and fair dealing, in deciding the amount of the damages, you may not include any sum for court costs or for attorneys' fees.

**Sources:**   Brady, Butler, Mirick *et al.*, Massachusetts Superior Court Civil Practice Jury Instructions, § 14.3.1(m) (2001).
Int'l Fidelity Ins. Co. v. Wilson, 387 Mass. 841, 856 n. 20 (1983).
Boott Mills v. Boston & M. R.R., 218 Mass. 582, 589 (1914).
37 J. Nolan, Massachusetts Practice, § 205 at 328 (1979).

To be given: _____
To be given in substance: _____
To be given as modified: _____
Refused: _____

12

## REQUESTED INSTRUCTION NO. 10
### (Interest)

If you are to award damages for breach of the implied covenant of good faith and fair dealing, you may not include any amount for interest. The law automatically provides for interest, and the clerk of courts will calculate the appropriate amount.

**Sources:**   M.G.L. c. 231, § 6C.
Brady, Butler, Mirick *et al.*, Massachusetts Superior Court Civil Practice Jury Instructions, § 14.3.1(n) (2001).
Griffin v. General Motors Corp., 380 Mass. 362, 367 (1980).
D'Amico v. Cariglia, 330 Mass. 246 (1953).

To be given: _____
To be given in substance: _____
To be given as modified: _____
Refused: _____

CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2006, the foregoing document was served upon Plaintiff *pro se*, John Bohne, by providing a copy of same via hand delivery in Court during trial of this matter.

/s/ Brigitte Duffy

BO1 15747307.2